UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CARMINA R. COMPARELLI, an individual
and JULIO C. DELGADO COMPARELLI, an
individual.

                          Plaintiffs,        Case No..: 1-14-CV-24414-KMW

-against-

REPÚBLICA BOLIVARIANA DE VENEZUELA,
a sovereign nation, PETROQUÍMICA DE
VENEZUELA, S.A., an agency or instrumentality
of the Bolivarian Republic of Venezuela, and
INTERNATIONAL PETROCHEMICAL SALES,
LTD., a British Virgin Islands corporation.

                          Defendants.



**PLAINTIFFS' MOTION TO COMPEL JURISDICTIONAL DISCOVERY, FOR
CONTEMPT, AND FOR THE IMPOSITION OF SANCTIONS**

Plaintiffs, Carmina R. Comparelli ("Carmina") and Julio C. Delgado Comparelli ("Julio") (collectively, "Plaintiffs"), through their undersigned counsel, move to compel responses to jurisdictional discovery, for contempt, and for the imposition of sanctions against Defendants República Bolivariana De Venezuela ("Venezuela"), Petroquímica De Venezuela, S.A. ("Pequiven"), and International Petrochemical Sales Ltd.'s ("IPSL") (collectively, "Defendants"). In support thereof, Plaintiffs state as follows:

**FACTUAL BACKGROUND**

1. On January 24, 2019, the Court entered a Scheduling Order [ECF No. 121] whereby the parties were to exchange jurisdictional discovery requests by February 6, 2019, and the deadline to serve written responses to the discovery requests was set for March 8, 2019.

2. On February 6, 2019, Plaintiffs served each Defendant with Interrogatories, Requests for Production, and Requests for Admission.

3. On February 27, 2019, Pequiven and IPSL filed a Motion to Stay Due to Current Events in Venezuela (the "Motion to Stay") [ECF No. 123].

4. On March 1, 2019, Pequiven and IPSL filed a Motion for a 120-Day Enlargement of Time to Respond to Discovery Requests (the "Motion for Enlargement of Time") [ECF No. 124].

5. On March 8, 2019, Venezuela filed a Motion for Extension of Time to Serve its Written Responses to Plaintiffs' First Set of Discovery Requests [ECF No. 125] ("Venezuela's Motion for Extension of Time").

6. To date, Defendants have not served Plaintiffs with written responses to the discovery requests.

**SUMMARY OF MOTION**

Defendants have no reasonable excuse for failing to comply with the Scheduling Order by not responding to Plaintiffs' jurisdictional discovery requests. Defendants' have been on notice of the need to comply with jurisdictional discovery since the U.S. Court of Appeals for the Eleventh Circuit's decision entered on June 8, 2018. In addition, on remand, the Court has forewarned Defendants' of the need for jurisdictional discovery and the risks of failing to comply with same. During the Status Conferences held on July 24, 2018, and January 23, 2019, counsel for Defendants represented that because Defendants were large entities and the government of Venezuela, it would be very difficult and time-consuming to adequately respond to discovery requests in a timely manner. On both occasions, the Court explained that the identity of the parties is irrelevant as all parties are required to comply with the Federal Rules of Civil Procedure and the

Court's Orders. The Court cautioned that failure to comply with its Orders can lead to various sanctions against a party and/or its counsel. Despite the Court's admonition, Defendants failed to comply with the Court's Scheduling Order entered on January 24, 2019, and are in violation of the Federal Rules of Civil Procedure.

Consequently, Plaintiffs request an Order: (i) compelling Defendants to respond to Plaintiffs' Interrogatories and Requests for Production; (ii) deeming as admitted all Requests for Admissions because Defendants failed to admit or deny; (iii) waiving Defendants' objections in response to Plaintiffs' Requests for Admission, Interrogatories and Requests for Production for failure to timely object; (iv) holding Defendants' in contempt of the Scheduling Order; and (v) ordering Defendants to pay Plaintiffs' attorney's fees for bringing this Motion.

**ARGUMENT**

**I. The Court must compel Defendants to respond to Plaintiffs' Interrogatories and Requests for Production**

Federal Rule of Civil Procedure 26(b) grants the district court broad authority to control the scope of discovery. Fed. R. Civ. P. 26(b). Under Rule 16(b), a district court must issue a scheduling order limiting the time to complete discovery. Fed. R. Civ. P. 16(b)(3)(A). The U.S. Court of Appeals for the Eleventh Circuit has "often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292, 1307 (11th Cir. 2011).

To date, Defendants have whole-heartedly ignored Plaintiffs' discovery requests. IPSL and Pequiven filed a Motion for Enlargement of Time requesting for a 120-day extension to respond to the discovery requests, blaming the political situation in Venezuela for such need. In short, IPSL and Pequiven's counsel represents that it cannot receive instruction from IPSL or Pequiven to adequately respond to the discovery requests because the United States no longer

recognizes Mr. Maduro as President. This contention seems ironic, as it appears that IPSL and Pequiven's counsel received direction from its clients to file the Motion for Enlargement of Time and the Motion to Stay [ECF No. 123]. The irony is further evidenced by Venezuela's Motion for Extension of Time, which only requests a 7-day extension to respond to discovery and attributes the need for more time to a blackout without mentioning the political situation in the country. If the country's political situation is not prohibiting Venezuela from providing direction to its counsel to respond to discovery requests and proceed with the case, then it is extremely unlikely Pequiven and IPSL—which are owned by Venezuela—cannot provide their counsel with the same direction.

Nevertheless, the Motion for Enlargement of Time and Venezuela's Motion for Extension of Time do not act as a placeholder, allowing Defendants to disregard the Scheduling Order's requirement to serve its written responses to Plaintiffs' discovery requests by March 8, 2019.

Moreover, Defendants' failure to respond to the discovery requests severely prejudices Plaintiffs. Defendants challenged the Court's subject matter jurisdiction under the FSIA (even though the Eleventh Circuit already has made clear and decisive rulings in this regard). As a result, Plaintiffs bear the burden of establishing subject matter jurisdiction. However, Plaintiffs cannot meet their burden when Defendants respond to jurisdictional discovery. Consequently, the proceedings remain at a standstill and Plaintiffs cannot move forward until Defendants respond to same.

Thus, the Court shall compel Defendants to respond to Plaintiffs' Interrogatories and Request for Production. For the reasons stated in subsection ii, Plaintiffs do not request the Court to compel Defendants to respond to Plaintiffs' Requests for Admissions because those should be deemed admitted for failure to respond.

**II.     The matters in the Requests for Admissions must be deemed admitted for failure to timely respond**

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions, allowing a party to serve on "any other party a written request for the admission … of the truth of any matters within the [general scope of discovery] set forth in the request that relate to statements or opinions of fact or of the application of law to fact." Fed. R. Civ. P. 36(a). "The purpose of the rule is to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade County*, 297 F. 3d 1255, 1264 (11th Cir. 2002) (citing 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed. 1994); *Pickens v. Equitable Life Assurance Soc'y,* 413 F.2d 1390, 1393 (5th Cir.1969)). The served party has thirty days after service to respond to the request—by a written answer "specifically deny[ing] the matter" or "set[ting] forth in detail the reasons why [it] cannot truthfully admit or deny the matter" or by objecting to the request. Fed. R. Civ. P. 36(a). If a party fails to respond within thirty days, then "[t]he matter is admitted." *Id*. Once the matter is admitted, Rule 36(b) provides that it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Id*.

Here, Defendants failed to timely respond to Plaintiffs' Requests for Admissions in violation of Rule 36(b) and the Court's Scheduling Order. As a result, pursuant to Rule 36(b), the Requests for Admissions must be deemed admitted and "conclusively established."

**III.    The Court must waive Defendants' any objections in response to Plaintiffs' Requests for Admission, Interrogatories and Requests for Production for failure to timely object**

"[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Bailey Indus., Inc. v. CLJP, Inc.,* 270 F.R.D. 662, 668 (N.D.Fla.2010) (citing *In re United States,* 864 F.2d 1153, 1156 (5th Cir.1989)). "A

5

party may waive any general privileges in this manner." *Romacorp, Inc. v. Prescient, Inc.*, Case No. 10-22872-Civ, 2011 WL 2312563 (S.D.Fla. June 8, 2011).  *See, e.g., Jaffe v. Grant,* 793 F.2d 1182, 1190 n. 5 (11th Cir. 1986) (finding no error in court ruling that Fifth Amendment privilege was waived by failure to timely assert it); *Fonville v. District of Columbia,* 230 F.R.D. 38, 42 (D.D.C. 2005) ("[I]n the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection…. This is true even when the party objects to disclosure because it claims that the information sought is privileged."); *Puccio v. Sclafani,* 12–61840–CIV, 2013 WL 4068782, (S.D.Fla. Aug.12, 2013) (determining that party waived objection to requests for production under Local Rule 26.1(g)(3)(A)); *Rodriguez v. Dynamic Recovery Solutions, LLC*, Case No. 14-CV-20933, 2014 WL 3767190 (S.D.Fla. Aug. 1, 2014) (Because there is no good cause or excuse for Defendant's delay in responding to the First Set of Discovery, all objections, except those that relate to privilege, are deemed waived).

Here, Defendants failed to timely respond to Plaintiff's Requests for Admissions, Interrogatories, and Requests for Production in violation of the Court's Scheduling Order and the Federal Rules of Civil Procedure governing discovery.  As a result, any and all objections to the Requests for Admissions, Interrogatories, and Requests for Production must be deemed waived.

**IV.   The Court should hold Defendants in contempt of the Scheduling Order**

"A finding that a party failed to comply with a discovery order is a finding of civil contempt." *Zow v. Regions Financial Corp.*, 595 Fed. Appx. 887, 889 (11th Cir. 2014) (citations omitted).  "A finding of civil contempt must be based upon clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id*.  Moreover,

6

pursuant to Federal Rule of Civil Procedure 16(1)(C), the Court, on motion or on its own, may hold Defendants in contempt of the Scheduling Order for failing to comply with same. Fed. R. Civ. P. 16(1)(C).

The Court should hold Defendants in contempt of the Scheduling Order. A finding of civil contempt for such failure is proper because the Scheduling Order was valid and lawful. The Scheduling Order clearly, definitely, and unambiguously ordered the parties to serve responses to Plaintiffs' written discovery by March 8, 2019. In addition, Defendants had the ability to comply with the Scheduling Order. As detailed above, while IPSL and Pequiven filed a Motion for Enlargement of Time and to Stay, those motions unreasonably suggest that IPSL and Pequiven's counsel could not obtain the direction necessary to comply with the Scheduling Order, yet conveniently obtained direction from IPSL and Pequiven to file same. Venezuela, on the other hand, blames the blackout that occurred one (1) day prior to its deadline to comply, yet it appears that Venezuela has played no role of its own in attempting to respond to discovery,

Therefore, Defendants should be held in civil contempt for violating he Court's Scheduling Order.

## V. The Court should sanction Defendants to pay Plaintiffs' attorney's fees

Federal Rule of Civil Procedure 16(f) authorizes sanctions for violations of a scheduling order and provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A) (ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. R. 16(f)(1); *see Glanzrock v. Patriot Roofing Industries, Inc.*, 2008 WL 383395, * 1 (M.D. Fla., Aug. 15, 2008). Accordingly, under Rule 37, a district court may impose upon parties and their attorneys for failure to comply with the court's scheduling order the following sanctions: (1) the court may refuse to permit the violating party to

raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (2) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (3) the court may consider the violation a contempt of court. Fed. R. Civ. P. 37 (b)(2)(A)(ii)-(vii); Fed. R. Civ. P. 16(f)(1). Nonetheless, these Rule 37 sanctions do not themselves allow for monetary sanctions and are not an exhaustive list of available sanctions under Rule 16(f) for violations of scheduling orders. *See* Fed. R. Civ. P 16(f)(1) and (2); *See, e.g., Joshua v. State Farm Fire and Cas. Co.*, 2008 WL 145095, * 2 n.2 (E.D. La. Jan. 14, 2008) (the sanctions in Rule 37 are not an exhaustive list as sanctions are listed in Rule 16). Additionally, Rule 16(f)(2) provides that monetary sanctions are allowed for violations of a scheduling order, as follows:

> . . . Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2); *Verdi v. Kirby*, 2008 WL 2704585, *2 (M.D. Ga. July 3, 2008). The purposes of this wide range of sanctions authorized by Rule 16(f) are to allow for punishment of lawyers and parties for unreasonably delaying or otherwise interfering with the court's ability to expeditiously manage trial preparation, to prevent unfair prejudice to the litigants, and to ensure the integrity of the discovery process. *See Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985); *In re Louis J. Pearlman Enterprises, Inc.*, 2008 WL 5082472, *6 (Bkrtcy. M.D. Fla. May 2, 2008) (quoting *U.S. v. Samaniego*, 345 F. 3d 1280, 1284 (11th Cir. 2003)); *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004).

An award of monetary and other sanctions under Rule 16(f) for violations of scheduling orders falls within the discretion of the Court. *In re Louis J. Pearlman Enterprises, Inc.*, 2008 WL 5082472 at *6 (quoting *U.S. v. Samaniego*, 345 F. 3d at 1284). In interpreting the exact language of Rule 16(f)(2), as set forth in Rule 37(b)(2)(C), the Supreme Court has clarified that a party's "discovery conduct should be found 'substantially justified,' if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental Amer. Ins. Co.*, 989 F. 2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Maddow v. Procter & Gamble Co., Inc.*, 107 F. 3d 846, 853 (11th Cir. 1997); *see, e.g., Klaitz v. New Jersey*, 2008 WL 111277, *8 (D.N.J. Jan. 9, 2008) (quoting *Tracinda Corp v. DamimlerChrysler AG*, 502 F. 3d 212, 241 (3d Cir. 2007)) (in the context of Rule 16(f)(2), "substantial justification" occurs when there is a "genuine dispute concerning compliance"). Sanctions are justified "if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *Samaniego*, 345 F. 3d at 1284.

Here, Defendants deliberately refused to comply with the Scheduling Order and respond to Plaintiffs' jurisdictional discovery on or before March 8, 2019. As previously noted, the necessity to respond to jurisdictional discovery was of no surprise to Defendants as the U.S. Court of Appeals for the Eleventh Circuit noted in its decision that jurisdictional discovery was necessary, and Defendants have attended two (2) status conferences before this Court to discuss jurisdictional discovery deadlines. During both status conferences, the Court cautioned the parties of the risks of failing to respond to discovery in violation of a Scheduling Order. Yet, Defendants blatantly disregard the Court's Scheduling Order by failing to respond *in toto* to Plaintiffs' jurisdictional discovery requests. Such acts justify monetary sanctions in the form of attorney's

fees for costs incurred to bring this Motion under Rule 16(f) and/or an order striking Defendants' jurisdictional defenses asserted in this proceeding.

In the alternative, if the Court decides to forego imposing sanctions on Defendants under Rule 16(f), the Court may impose similar sanctions under Rule 37(a)(5) if the Court grants Plaintiffs' Motion to Compel. *JetCard Plus, Inc.*, 304 F.R.D. 664, 667 (S.D.Fla. 2015) (quoting Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii)) (Rule 37(a)(5) "provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery. The payment of the moving party's expenses is required unless 'the opposing party's nondisclosure, response or objection was substantially justified' or 'other circumstances make an award of expenses unjust.'").

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request the Court enter an Order: (i) granting this motion; (ii) compelling Defendants to respond to Plaintiffs' Interrogatories and Requests for Production within ten (10) days; (iii) deeming as admitted all Requests for Admissions because Defendants failed to admit or deny; (iv) waiving Defendants' objections in response to Plaintiffs' Requests for Admission, Interrogatories and Requests for Production for failure to timely object; (v) holding Defendants' in contempt of the Scheduling Order; (vi) ordering Defendants to pay Plaintiffs' attorney's fees incurred for bringing this Motion and/or striking Defendants' jurisdictional defenses; and (viii) for any other further relief that this Court deems just and proper.

Dated: March 9, 2019.

Respectfully submitted,

LAW OFFICES OF RODRIGO S. DA SILVA, P.A.
777 Arthur Godfrey Road, Suite 402
Miami Beach, Florida 33140
E-mail: rodrigo@rdasilvalaw.com
Telephone: (305) 615-1434
Facsimile: (305) 615-1435

        By: /s/ *Rodrigo S. Da Silva*
           Rodrigo S. Da Silva, Esq.
           Florida Bar No. 0088600
           *Counsel for Plaintiffs, Carmina R. Comparelli and Julio C. Delgado Comparelli*

## CERTIFICATE OF COMPLIANCE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), counsel for plaintiffs Carmina R. Comparelli and Julio C. Delgado Comparelli, Rodrigo S. Da Silva, certifies that he conferred with Mark Cheskin, Esq. counsel for Petroquímica de Venezuela, S.A. and International Petrochemical Sales, Ltd., on March 8, 2019, who represented that his clients opposed the relief sought herein. In addition, undersigned counsel attempted to confer on March 8, 2019 via e-mail (twice) and telephone with Quinn Smith, Esq., counsel for the Bolivarian Republic of Venezuela, but despite undersigned's best efforts, Plaintiffs were unable to get the Bolivarian Republic of Venezuela's position in regards to the instant motion.

        /s/ *Rodrigo S. Da Silva*
        Rodrigo S. Da Silva, Esq.

## CERTIFICATION OF SERVICE

I hereby certify that on March 9, 2019, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/ *Rodrigo S. Da Silva*
        Rodrigo S. Da Silva, Esq.