UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-24414-WILLIAMS

CARMINA R. COMPARELLI, an individual
and JULIO C. DELGADO COMPARELLI,
an individual,

    Plaintiffs,

v.

REPÚBLICA BOLIVARIANA DE
VENEZUELA, a sovereign nation,
PETROQUÍMICA DE VENEZUELA, S.A.,
an agency or instrumentality of the Bolivarian
Republic of Venezuela, and INTERNATIONAL
PETROCHEMICAL SALES, LTD., a British
Virgin Islands corporation,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL JURISDICTIONAL
DISCOVERY, FOR CONTEMPT, AND FOR THE IMPOSITION OF SANCTIONS**

Defendant Petroquímica de Venezuela S.A. ("Pequiven") and Defendant International Petrochemical Sales Ltd. ("IPSL") (collectively, "Defendants"), file this Response in Opposition to Plaintiffs' Motion to Compel Jurisdictional Discovery, for Contempt, and for the Imposition of Sanctions ("Motion to Compel"), filed on March 9, 2019 [ECF No. 126]. Plaintiffs' Motion to Compel should be denied for the following reasons:

**INTRODUCTION**

Venezuela is in the midst of a well-publicized historic humanitarian crisis, already briefed at length before this Court. As a result of these events, Defendants have requested a

temporary 120-day stay in the proceedings through their Motion to Stay. Defendants also have filed a Motion for Enlargement of Time to Respond to Discovery Requests, requesting a similar 120-day enlargement to the discovery deadlines. These motions have been fully briefed to the Court. *See* Motion to Stay [ECF No. 123], Motion for Enlargement of Time to Respond to Discovery Requests [ECF No. 124], Notice of Additional Grounds in Support of Their Motion to Stay [ECF No. 129], and Omnibus Reply in support of these motions [ECF No. 132].

The events in Venezuela have been beyond Defendants' control. Yet, rather than agree to any sort of pause in this litigation, Plaintiffs instead have asked this Court to compel Defendants to respond to Plaintiffs' discovery requests, to deem admitted Plaintiffs' Request for Admissions to Defendants, to rule that Defendants' potential objections to discovery requests have been waived, and to hold Defendants in contempt of Court. In seeking these extreme remedies, Plaintiffs simply reiterate the arguments already made in opposition to Defendants' Motion to Stay *and* Motion for Enlargement of Time. If any party has caused unnecessary attorneys' fees in this case, it is the Plaintiffs, through their redundant Motion to Compel.

## BACKGROUND

On January 23, 2019, this Court held a status conference and subsequently entered a Scheduling Report establishing a deadline of March 8, 2019 for the Parties to serve written responses to discovery requests, and a deadline of March 22, 2019 for the Parties to produce responsive documents. That same day, Mr. Juan Guaidó, the President of the National Assembly, declared himself Interim President of Venezuela, invoking Article 233 of the Venezuelan Constitution. These events were occurring almost simultaneously with the status conference, and—at the time—Defendants had no way of knowing that the United States (and many other countries) would recognize Mr. Guaidó as the lawful President of Venezuela.

Even though President Guaidó's Special Attorney General, Jose Ignacio Hernandez, has instructed Hogan Lovells to continue as Defendants' counsel in this action, Hogan Lovells cannot obtain information from Pequiven and ISPL responsive to Plaintiffs' discovery requests because representatives of President Guaidó's government are being denied to access to relevant information by the Maduro regime.

## ARGUMENT

### I. An Order Compelling Defendants to Respond to the Discovery Requests Would Be Futile Because Defendants Do Not Have Access to the Necessary Information

At the January 23, 2019 status conference, Defendants had no intention or desire to stall discovery. But Defendants could not have predicted the events that have unfolded since then. Given that representatives of President's Guaidó's government are being denied access to state-owned entities by the Maduro regime (including, Pequiven and IPSL), Defendants do not have access to documents, witnesses, and other information to respond to Plaintiffs' discovery requests. Plaintiffs' unfounded and conclusory assertion that Defendants "have whole-heartedly ignored Plaintiffs' discovery requests" is without merit and ignores the reality of the situation.

Plaintiffs label the situation as "ironic," arguing that if Defendants' counsel can receive direction from Defendants on the Motion to Stay, Defendants should be able to adequately respond to the discovery requests. *See* ECF No. 126, p. 4. Plaintiffs, however, are conflating Hogan Lovells' receipt of instructions to proceed on behalf of Defendants with the practical inability to access the information and potential witnesses that would allow for proper response to the discovery requests. Here, Defendants have no such access.

Plaintiffs further argue that Defendants' "failure to respond to the discovery requests severely prejudices Plaintiffs." ECF No. 126, p. 4. But the real prejudice at risk here is to the lawfully recognized government of Venezuela and its instrumentalities should they not have the

3

opportunity to effectively defend themselves in a U.S. Court, which includes the right to assert sovereign immunity in this action. *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1319 (2017) ("Our courts have understood, as international law itself understands, foreign nation states to be independent sovereign entities. To grant those sovereign entities an immunity from suit in our courts both recognizes the absolute independence of every sovereign authority and helps to induc[e] each nation state, as a matter of international comity, to respect the independence and dignity of every other, including our own.") (alteration in original) (internal quotation marks omitted).

Additionally, "Plaintiffs conveniently forget their own actions or errors . . . have caused a large part of the delays in this case." *See* ECF No. 133, p. 3. Plaintiffs cannot now assert in good faith that a 120-day stay will "severely prejudice[]" them after their own missteps, procedural errors, and requested extensions have caused delays in this case at every turn.

## II.     The Remedies Sought by Plaintiffs Are Unwarranted Under the Circumstances

Plaintiffs' use of the unprecedented historical events to their advantage is unwarranted gamesmanship to attempt to gain strategic advantages in this litigation. But the remedies sought by Plaintiffs are extraordinary under any circumstances. As such, Plaintiffs' requested relief should be denied.

### A.     The Requests for Admissions Should Not Be Deemed Admitted

Without citing to any case law supporting their position, Plaintiffs demand that this Court deem the requests for admissions "admitted and conclusively established" under Rule 36(a) of the Federal Rules of Civil Procedure. ECF No. 126, p. 5. Rule 36, however, "has never been interpreted so woodenly" as Plaintiffs would lead this Court believe. *Banks v. Office of the Senate Sergeant-at-Arms & Doorkepper*, 226 F.R.D. 113, 118 (D.D.C. 2005) (denying plaintiff's

4

request for admissions to be deemed admitted). "There is . . . nothing that automatically requires that the requests for admission be deemed admitted merely because 30 days have transpired since the defendant was ordered to respond." *Id.* Courts routinely have allowed a party to answer requests for admission after the 30-day period has elapsed. *See, e.g.*, *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577-78 (11th Cir. 1988); *Harden v. Target Corp.*, 09-CV-60010, 2009 WL 1456439, at *2-3 (S.D. Fla. May 22, 2009); *see also* 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 2257 ("The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus the court can, in its discretion, permit what would otherwise be an untimely answer."). Moreover, requests for admissions should not be deemed admitted when the district court has yet to rule on a pending motion to stay. *Banks*, 226 F.R.D. at 118.

**B.    The Court Should Not Deem Waived Defendants' Objections to Discovery Requests**

In asserting that "[t]he Court must waive Defendants' any [sic] objections," Plaintiffs state: "Defendants failed to timely respond to Plaintiff's [discovery requests] . . . . As a result, any and all objections . . . must be deemed waived." ECF No. 126, p. 6. In attempting to turn Venezuelan's humanitarian crisis into a strategic advantage, Plaintiffs overlook a necessary element that this Court should consider. Before waiving objections to discovery requests, a court should consider whether good cause exists to excuse a purported delay in responding to discovery. *See, e.g.*, *Espinoza v. 2K Clevelander, LLC*, No. 17-CV-22783, 2018 WL 340138, at *2 (S.D. Fla. Jan. 9, 2018) (declining to waive defendant's objections and finding good cause to excuse the defendants failure to respond to discovery requests because defendant was unable to gather the requested information in the required time frame). Not only is there good cause here, but Defendants requested an enlargement of time to respond to Plaintiffs' discovery requests

5

well before the deadline. *See, e.g.*, *Choi v. Chemical Bank*, 939 F. Supp. 304, 309 (S.D.N.Y. 1996) ("A district court has wide discretion to grant an enlargement of time, without or without a motion, if the request is made within the expiration period . . . ."). Plaintiffs' Motion to Compel thus should be denied.

### III. A Finding of Contempt and the Imposition of Sanctions Would Be Unjust

Neither contempt nor sanctions are warranted here. As Plaintiffs state in their Motion to Compel: "A finding of civil contempt must be based on clear and convincing evidence that . . . the alleged violator had the ability to comply with the order." ECF No. 126, p. 6. Here, Defendants do not have the ability to comply because they do not have access to the information necessary to respond to Plaintiffs' discovery requests. As this Court recently held, "[a]n alleged contemnor ***who does not have possession or control*** of something a court has ordered it provide, has a defense to civil contempt." *Organizacion Miss America Latina, Inc. v. Ramirez Urquidi*, No. 16-CV-22225, 2018 WL 4778452, at *4 (S.D. Fla. Aug. 27, 2018), report and recommendation adopted in part, 16-CV-22225, 2018 WL 4777167 (S.D. Fla. Sept. 27, 2018) (emphasis added); *see also E&C Copiers Export Import Corp. v. Arizas Fotocopiadoras S.A.S.*, No. 15-CV-21693, 2017 WL 10186627, at *4 (S.D. Fla. Nov. 8, 2017) ("[W]e cannot find by clear and convincing evidence . . . that contempt sanctions are appropriate because an open question remains as to whether [defendant] had the ability to comply with the Court's prior orders."); *United States v. Beckman*, 545 F. Supp. 1284, 1289-90 (M.D. Fla. 1982) (finding that the inability to comply with a court order provides justification for a lack of compliance).

In addition, the imposition of sanctions is equally unwarranted here. After conceding that Rule 37 does not allow for monetary sanctions, Plaintiffs turn to Rule 16(f)(2) to support their demand for attorneys' fees. But once again, Plaintiffs overlook a key element of the Rule. As

6

acknowledged in Plaintiff's Motion, Rule 16(f)(2) does not allow for monetary sanctions in the event that the court finds a substantial justification for an alleged failure to obey a scheduling order, "or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2); *see also Joseph v. Nichell's Caribbean Cuisine, Inc.*, 11-CV-62594, 2012 WL 12948539, at *3 (S.D. Fla. Oct. 30, 2012) (declining to award sanctions pursuant to Rule 16(f)); *Acosta v. Electrolux N. Am.*, 08-CV-60213, 2008 WL 11409466, at *5 (S.D. Fla. Dec. 10, 2008) (same); *N. Nat. Gas Co. v. Approximately 9117 Acres In Pratt, Kingman, & Reno Ctys., Kan.*, 114 F. Supp. 3d 1144, 1173 (D. Kan. 2015), aff'd in part, rev'd in part sub nom. *N. Nat. Gas Co. v. L.D. Drilling*, 862 F.3d 1221 (10th Cir. 2017) ("Even where a party fails to comply with a scheduling order, the court may elect to deny a request for expenses where the party shows that its actions were substantially justified or that the circumstances render an award of expenses unjust.").

Here, the Maduro regime is blocking Defendants' access to Pequiven's and IPSL's documents, witnesses, and other information. This is quintessential "substantial justification" for Defendants' inability to respond to Plaintiffs' discovery requests. Defendants' request for sanctions should be denied.

## CONCLUSION

For all these reasons and those stated in Defendants' Motion to Stay and Motion for Enlargement of Time, Defendants respectively request that the Court deny Plaintiffs' Motion to Compel.

Dated: March 25, 2019.

Respectfully submitted,

HOGAN LOVELLS US LLP
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Telephone:     305-459-6500
Facsimile:       305-459-6550

By:     *s/Mark Cheskin*
         Mark Cheskin
         Fla. Bar No. 143154
         mark.cheskin@hoganlovells.com
         Richard C. Lorenzo
         Florida Bar No. 071412
         richard.lorenzo@hoganlovells.com
         Daniel Balmori
         Fla. Bar No. 0112830
         daniel.balmori@hoganlovells.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2019, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:     *s/Mark Cheskin*
         Mark Cheskin