UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 1:14-cv-24414-KMW

CARMINA R. COMPARELLI, and
JULIO C. DELGADO,

     Plaintiffs,

v.

REPÚBLICA BOLIVARIANA DE VENEZUELA,
a sovereign nation, *et. al.*

     Defendants.
_____/

### DEFENDANT REPÚBLICA BOLIVARIANA DE VENEZUELA'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL JURISDICTIONAL DISCOVERY, FOR CONTEMPT, AND FOR IMPOSITION OF SANCTIONS

Defendant, República Bolivariana de Venezuela (the "Republic"), through the undersigned counsel, hereby files its response to Plaintiffs' Motion to Compel Jurisdictional Discovery, for Contempt, and For Imposition of Sanctions (the "Motion for Sanctions") [D.E. 126], and in support, states as follows:

#### BRIEF FACTUAL BACKGROUND

1. The Court entered a Scheduling Order [D.E. 121] on January 24, 2019 (the "Order"), setting the deadline to serve any written responses to jurisdictional discovery requests on March 8, 2019.

2. On February 6, 2019, Plaintiffs served their First Set of Discovery Requests (the "Requests") for the jurisdictional phase of these proceedings.

3. Shortly thereafter, the Republic began its good faith effort to prepare its responses to Plaintiffs' Requests.

4. On March 7, 2019, a day before the deadline for serving its responses, the Republic suffered a massive blackout, which affected the communications systems of the country and continued for days. There was no email or phone service.

5. In anticipation of not being able to meet the deadline, counsel for the Republic in good faith reached out to Plaintiffs' counsel on March 8, 2019, requesting that Plaintiffs not object to a brief extension of time for the Republic to provide its responses.

6. As counsel for the Republic explained to Plaintiffs' counsel, this event made it impossible for the Republic to submit its responses to the Requests as anticipated on March 8, 2019. Due to the blackout, the undersigned counsel was not able obtain the authorization, approval, and signed responses to the Requests by the Order's deadline.

7. In response, Plaintiffs opposed the Republic's request for additional time without indicating any specific reasons.

8. Shortly after, Plaintiffs' counsel sent an email warning counsel that it planned on filing a "Motion to Compel, for Contempt and for Sanctions in regards to the jurisdictional discovery…" and that the email constituted an "official meet and confer" under Local Rule 7.1.[1]

9. Unable to provide its written response, on March 8, 2019, the Republic requested a 7-day extension to provides its responses to the Requests [D.E. 125] by or before March 15, 2019.

10. A day later, Plaintiffs filed their Response Opposing the Request for Extension of Time [D.E. 127] (the "Opposition") as well as their Motion to Compel Jurisdictional Discovery, for Contempt, and for imposition of Sanctions [D.E. 126] ("Motion for Sanctions").

11. As indicated in its Motion for Extension of Time, the Republic served its written responses to the Requests on March 15, 2019 [D.E. 131]. The Republic also served documents responsive to Plaintiffs' First Request for Document Requests on March 22, 2019 as per the deadline set by this Court's Order.

12. In its Motion for Sanctions, Plaintiffs fail to distinguish between the various Defendants, seeking to compel, sanction and hold in contempt equally all Defendants, without distinguishing the actions and responses of the Republic in relation to this Court's Order.

---

[1] It is at the very least questionable whether Plaintiffs' complied with the good faith requirement to confer under Local Rule 7.1(a)(3). The very text of the email sent was not made in an effort to engage in a give and take exchange implicit in the act of meeting and conferring. It was a one-way missive filed on a Friday afternoon which failed to provide the Republic's counsel with a reasonable opportunity to confer with client and respond. *See, e.g., Royal Bahamian Association v. QBE Ins. Corp.,* 744 F. Supp. 2d 1297, 1299-1300 (S.D. Fla. 2010).

**MEMORANDUM OF LAW**

I.   **The Motion to Compel has no basis in law**

The Motion to Compel is devoid of any basis to seek to compel, sanction or hold in contempt the Republic. *See* D.E. 126. Plaintiffs have ignored the Republic's actions and compliance with this Court's Order. There is not a single case cited that would justify sanctions or holding the Republic in contempt under the circumstances of this case. On this basis alone, the Court should deny the Motion. Contrary to Plaintiffs' assertion, the Republic does have a "reasonable excuse" for requesting additional time to comply with this Order and has not "whole-heartedly ignored Plaintiffs' discovery requests" [D.E. 126, pp. 2-3]. Plaintiffs' Motion for Sanctions is an additional example of another meritless request filed by Plaintiffs, which unnecessarily require expending the time and resources of this Court and the Republic.

A.   **There is no basis to compel the Republic to respond to Plaintiffs' Interrogatories and Requests for Production**

While the Republic agrees that the Court has discretion to impose the terms of its scheduling orders, that discretion equally weighs in favor of granting reasonable, good faith requests for extension of time that comply with the requirements under the Federal Rules. As noted in the Republic's Reply in Support of its Motion for Extension of Time, a district court enjoys wide discretion to grant an enlargement of time if the request is made within the deadline set by the court, and especially where good cause exists. *See, e.g., Choi v. Chemical Bank,* 939 F. Supp. 304, 309 (S.D.N.Y. 1996).

Plaintiffs argue that the Republic's Motion for Extension of Time is not "a place holder" that allows disregarding of the Order's deadlines [D.E. 126, p. 4]. This argument fails on its face. Plaintiffs waived any objection to the Republic's Motion for Extension of Time since Plaintiffs failed to address any reasons for opposing it in their Response in Opposition [D.E. 127]. As the Republic explained in its Motion for Extension of Time it became impossible for it to comply with the Order's deadline due to the national blackout that had disrupted all power and communications systems in Venezuela. The lack of ability to communicate with the client meant that counsel was not able to obtain the required signatures and approval to file the responses to the discovery. It properly sought for good cause the extension of time before the expiration of the Order's deadline [D.E. 125]. There is no evidence that the Republic improperly sought to extend the deadline, and Plaintiffs have failed to cite any reasons why a short seven (7) day extension

"severely" prejudiced their position, especially when the Republic did indeed file its written discovery responses within that requested time period [D.E. 131].

In addition, the Republic served its written responses to Plaintiffs' Interrogatories and Requests for Production within the time period requested, leaving nothing to compel. For these reasons, the Court should dismiss Plaintiffs' Motion to Compel.

> B. There is no basis to deem admitted any of the Plaintiffs' Requests for Admissions

Without citing to one case that would apply to these circumstances, Plaintiffs argue for a hardline application of Rule 36(a). Courts have generally declined to interpret Rule 36(a) as an automatic requirement that requests for admissions be deemed admitted once the expiration of the 30-day deadline has expired. *See, e.g., Tequila Centinela, S.A. de C.v. v. Barcardi & Co. Ltd,* 247 F.R.D 198 (D.D.C. 2008) (citing *Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper,* 226 F.R.D. 113, 118 (D.D.C. 2005). In practice, requests for admissions have been deemed admitted only in cases where the receiving party has failed to act. In other words, where a party has failed to answer, object or request additional time to respond. *See, e.g., Owner Operator Independent Driver Assoc. Inc. v. Comerica Bank,* 615 F. Supp. 2d 692, 700 (S.D. Ohio 2009) *reversed and remanded on other grounds.* Even in those cases, courts have allowed withdrawal or amendment of admissions beyond the 30-day deadline. *See, e.g., Pleasant v. Neesmith Timber Co, Inc.,* Case No. Cv- 408-192, 2009 WL 10676188, * 2 (S.D. Ga. July 31, 2009). None of the circumstances here warrant the rigid application of Rule 36(a) that Plaintiffs request.

The Republic moved in good faith and for good cause for an extension of time before the expiration of the time period in the Order as required by Fed. R. Civ. P. 6(b). As Rule 36(a) states, a shorter or longer time for responding may be…ordered by the court. *See* Fed. R. Civ. P. 36(a)(3). The Motion for Extension of Time is currently pending, and there is no authority cited by Plaintiffs that justifies the relief they seek while the court has yet to rule on the Republic's Motion for Extension of Time. This Court clearly has the power to allow additional time for a response to a request for admissions. *See, e.g.,* 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2257 & n. 9 (1994).

In any event, Plaintiffs failed to state any grounds to oppose the Republic's Motion for Extension of Time [D.E. 127], thereby waiving any right to request the relief it now seeks before

this Court. In their Motion to Compel, Plaintiffs have equally failed to provide any reason why the Republic's requests for admissions be deemed admitted in light of the Republic's compliance with Rule 6(b) and its subsequent filing of the responses within the requested time frame.

### C. There is no basis for this Court to waive any of the Republic's objections to Plaintiffs' Discovery Requests

Plaintiffs' willful ignorance of the circumstances that apply in this case is even more apparent under this requested relief as the case law cited strongly supports the Republic's position. As Plaintiffs' cited case law states, it is only in the absence of a "an extension of time or good cause" that the failure to object within the time fixed by Rule 33 constitutes a waiver [D.E. 126, p. 6]. In other words, where there is good cause of excuse for the delay in response, waiver under Rule 33 does not apply. *See, e.g., Rodriguez v. Dynamic Recovery Solutions, LLC,* Case No. 14-cv-20933, 2014 WL 3767190 (S.D. Fla. Aug. 1, 2014).

As explained in the Republic's Reply in Support of its Motion for Extension of Time [D.E. 133], the blackout experienced by the Republic constituted good cause for its failure to delay the filing of its responses by seven (7) days. Until this Court rules on the Republic's Motion for Extension of Time, the requested relief is premature. In any event, Plaintiffs waived any relief under Rule 33, by their own failure to state any grounds in opposition to the Republic's Motion for Extension of Time [D.E. 127].

### D. There is no basis for holding the Republic in contempt of the Scheduling Order

Plaintiffs have failed to show that there is "clear and convincing evidence that…the alleged violator had the ability to comply with the order" [D.E. 126, p. 6]. Plaintiffs alleged that the Republic should be held in contempt because "it appears that Venezuela has played no role of its own in attempting to respond to discovery" [D.E. 126, p. 7]. Plaintiffs have no basis for this assertion. As Plaintiffs were made aware before filing their Motion for Sanctions, counsel for the Republic was unable to get the signed responses back in time before the deadline due to the blackout that cut off power and communications in the country. The Republic had been in good faith working on the responses well before the deadline, unfortunately the blackout prevented the final review and signing of those responses before the expiration of the deadline. Those written responses were later provided within the time requested further demonstrating the Republic's good faith efforts to comply with the Order. There is no clear and convincing evidence that

5

suggests that the Republic could have otherwise complied with the Order under those circumstances. On this basis, this Court should deny the Motion to Compel.

### E. There is no basis to sanction the Republic to pay Plaintiffs' attorney fees

None of the circumstances surrounding the Republic's actions warrant monetary sanctions under Rule 16(f)(2). As this Court has previously acknowledged, its power to impose sanctions, "must be exercised with restraint and discretion." *See, e.g., In re Sanctions Hearing: Remer,* 2012 WL 12888409 * 7 (S.D. Fla. Dec. 20, 2012). Plaintiffs again ignore the circumstances of the Republic's requested additional time to comply in order to justify the relief they seek. This Court has also previously found that Rule 16(f)(2) does not justify monetary sanctions where the court finds a "substantial justification" for an alleged failure to obey a scheduling order or whether "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Courts have found reason to impose sanctions where the disobedience of the order was willful and the party had full notice, but failed to provide any explanation for its failure to comply. *See, e.g., Petrisch v. JPMorgan Chase*, 789 F. Supp.2d 437, 455 (S.D.N.Y. 2011); *In re Sanctions Hearing: Remer*, 12888409 * 7 (S.D. Fla. Dec. 20, 2012). None of these reasons are present here.

As Plaintiffs' own cited case law supports, sanctions are only justified, "if there is a pattern of delay or a deliberate refusal to comply with court orders or directly that justifies a sanction" [D.E. 126, p. 9, citing to *Samaniego,* 345 F.3d at 1284]. Plaintiffs have failed to even address the circumstances of the Republic's request for additional time to comply with the Order. There is no pattern of delay or deliberate refusal present, and Plaintiffs have failed to show or state otherwise. Based on the above, there is absolutely no basis for the Plaintiffs' requested sanctions against the Republic.

### CONCLUSION

For all of the above reasons, the Republic respectfully requests that this Court deny the Plaintiffs' Motion for Sanctions, grant the Republic's Motion for Extension of Time [D.E. 125],[2] and for all further relief that this Court deems just and proper.

---

[2] A proposed order granting the Republic's Motion for Extension of Time was submitted via e-mail on March 8, 2019 and was attached as Exhibit "A" to the Motion itself [D.E. 125].

Dated: March 25, 2019

    Respectfully submitted,

    **GST LLP**
    Rodney Quinn Smith, Fla. Bar No. 59523
    e-mail: quinn.smith@gstllp.com
    Katherine Alena Sanoja, Fla. Bar No. 99137
    e-mail: katherine.sanoja@gstllp.com
    1111 Brickell Avenue, Suite 2715
    Miami, Florida 33131
    Telephone: (305) 856-7723
    *Attorneys for Defendant, República Bolivariana de Venezuela*

    By: */s/ Quinn Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s Katherine A. Sanoja*

## SERVICE LIST

*Carmina R. Comparelli, et al. v. República Bolivariana de Venezuela, et al.*
Case No.: 1:14-cv-24414-KMW
Southern District of Florida

**Rodrigo S. Da Silva**
e-mail: rodrigo@rdasilvalaw.com
Law Offices of Rodrigo S. Da Silva, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Tel..: (305) 615-1434
Fax: (305) 615-1435

*Attorney for Plaintiffs, Carmina R. Comparelli, et al.*

**Mark R. Cheskin**
e-mail: mark.cheskin@hoganlovells.com
**Richard C. Lorenzo**
e-mail: richard.lorenzo@hoganlovells.com
Hogan Lovells US LLP
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
Tel.: (305) 459-6500
Fax: (305) 459-6550

*Attorneys for Defendant, Petroquímica de Venezuela, S.A.*