**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA (MIAMI DIVISION)**

| | |
|---|---|
| CARMINA R. COMPARELLI, an individual, and<br><br>JULIO C. DELGADO COMPARELLI, an individual,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, a sovereign nation,<br><br>PETROQUÍMICA DE VENEZUELA, S.A., an agency or instrumentality of the Bolivarian Republic of Venezuela, and<br><br>INTERNATIONAL PETROCHEMICAL SALES, LTD., a British Virgin Islands corporation,<br><br>    *Defendants*. | Case No.:14-cv-24414-WILLIAMS |

**JOINT STATUS REPORT OF PLAINTIFFS AND
THE BOLIVARIAN REPUBLIC OF VENEZUELA**

Pursuant to this Court's Orders dated January 11, 2021 and February 1, 2021, the Parties submit this joint status report regarding pleadings and discovery that need to be addressed in this case.

**I.   Pleadings that need to be addressed**

1.   On August 23, 2018, Plaintiffs filed the operative pleading in this case, which is the Amended Complaint [ECF No. 85].

2.   On October 9, 2018, the Republic (then represented by GST, LLP) moved to dismiss Plaintiffs' Amended Complaint [ECF No. 88]. On November 13, 2018, Plaintiffs filed

1

their Response in Opposition to the Republic's motion to dismiss [ECF No. 98]. On November 30, 2018, the Republic filed its Reply in support of the motion to dismiss [ECF No. 110].

3. Pequiven and IPSL moved to dismiss Plaintiffs' Amended Complaint on October 8, 2018, and November 29, 2018, respectively. [ECF Nos. 87, 106]. Plaintiffs filed their Responses in Opposition to the motions to dismiss on November 13, 2018 and December 11, 2018 [ECF Nos. 99, 111]. Pequiven and IPSL filed replies in support of their motions to dismiss on November 30, 2018 and December 20, 2018, respectively. [ECF Nos. 109, 114].

4. On February 25, 2019, Plaintiffs filed a Notice of Supplemental Authority [ECF No. 122] in support of their responses in opposition to the motions to dismiss. On April 22, 2019, Plaintiffs filed an additional Notice of Supplemental Authority [ECF No. 158], also in support of their responses in opposition to the motions to dismiss.

5. The previous scheduling order in this case [ECF No. 121] provided that, after the completion of discovery, the Parties would file supplemental pleadings addressing whether the discovery affects the legal analysis for the jurisdictional issues as to the three defendants.

6. As directed in this Court's order of February 1, 2021, the Parties will confer regarding a proposed timeline for the submission of supplemental pleadings and will set forth proposed deadlines in a joint proposed scheduling order, to be filed by February 15, 2021.

**II.     Discovery that needs to be addressed**

7. Plaintiffs bear the burden to produce evidence showing that "the conduct which forms the basis of [the] complaint falls within one of the statutorily defined exceptions" to foreign sovereign immunity. *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312–13 (11th Cir. 2009).

8. In Plaintiffs' view, the Eleventh Circuit in *Comparelli v. República Boliviarana de Venezuela*, 891 F.3d 1311 (11th Cir. 2018) has already made findings of fact and conclusions of

law, based on the documentary evidence produced by Defendants, that for example the "Domestic Takings Rule" does not apply to Plaintiff Carmina Rita Comparelli, an Italian citizen which is the only citizenship she holds (regardless of the fact if she was a long-time resident of Venezuela). Plaintiffs state that that decision is now subject to the law of the case doctrine which provides that the "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990). Plaintiffs state that, notwithstanding the foregoing, Defendants seek to re-hash all of the same arguments in the motions to dismiss that were already rejected by the Eleventh Circuit making the litigation of this fact unnecessary, duplicative, and likely in bad faith and Plaintiffs reserve all rights to use all procedural mechanisms to redress the attorney's fees and costs associated with the re-litigation of issues already decided by the Eleventh Circuit.

9. The Republic does not agree with Plaintiffs' characterization of the Eleventh Circuit's decision. The Eleventh Circuit did not definitively decide that the domestic takings rule does not apply to Plaintiff Carmina Rita Comparelli; at most, it opined that the domestic takings rule "does not *appear to* bar Carmina's claim (and may not bar Julio's claim)." *Comparelli*, 891 F.3d at 1327 (emphasis added). The Eleventh Circuit's statement in that regard was "based upon the record currently before [it]," and the court recognized that "[o]n remand, jurisdictional discovery may yield other evidence about Carmina's nationality at the time of the alleged expropriation." *Id.* at 1322 n. 5. Indeed, the Eleventh Circuit specifically directed this Court to "address whether the domestic takings rule applies and whether jurisdiction exists under the FSIA's expropriation exception." *Id.* at 1328. The Republic is of the view that Plaintiffs are obliged to participate in discovery, and that Plaintiffs' accusations of bad faith are a distraction

3

from the serious issues before this Court. Plaintiffs elected to bring litigation in the United States against a foreign sovereign, and due respect for the foreign relations of the United States and the severely depleted public fisc of the Venezuelan people requires that the duly appointed representatives of the Republic insist that Plaintiffs turn square corners.  Accordingly, further discovery and fact development is necessary before this Court will be in a position to answer the questions posed to it by the Eleventh Circuit.

    **A.**    **Discovery From Plaintiffs**

        1.    **The Republic's position**

10.    The Republic wishes to obtain focused discovery from Plaintiffs on several topics concerning their basis for invoking jurisdiction under 28 U.S.C. § 1605(a)(3). The Republic proposes a period of 120 days to obtain discovery from Plaintiffs.

11.    *First*, the Republic wishes to discover facts bearing on Plaintiffs' dominant and effective nationality, including the nature and extent of Plaintiffs' connections to Venezuela during the relevant time.  The Eleventh Circuit contemplated precisely such discovery, stating that "on remand, jurisdictional discovery may yield other evidence about Carmina's nationality at the time of the alleged expropriation," and that this Court should resolve such disputes. *Comparelli v. Republica Bolivariana De Venezuela*, 891 F.3d 1311, 1322 n.5 (11th Cir. 2018); *see also Vorbe v. Morriseau*, 2014 WL 12637924, at *4-5 (S.D. Fla. Aug. 27, 2014) (permitting defendants to take limited jurisdictional discovery from plaintiff regarding plaintiff's purported status as a Florida resident).

12.    *Second*, the Republic wishes to gather evidence concerning Plaintiffs' rights in property at the time of the seizure described in the Amended Complaint and any transfers that took place before the commencement of the action. Because there is a conflict between the

4

allegations in the Amended Complaint and the documents attached thereto, this is a topic which the Republic deems important for investigation.

13.     *Third*, the Republic wishes to understand the reasons underlying Plaintiffs' determination not to pursue judicial remedies in in Venezuela and the specific basis for their allegations that the criminal proceedings in *this* case were pretextual. While the Republic has denounced and continues to denounce the expropriations that took place under the regimes of Chávez and Maduro, the Republic notes that many such expropriations were open and notorious, not surreptitious and pretextual. *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB(AF)/11/2, Award (April 4, 2016); *Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/12/13, Decision on Liability and the Principles of Quantum (Dec. 30, 2016). The Republic is of the view that Plaintiffs' claims of expropriation depend on a particularized showing that they themselves were deprived of rights in property in violation of international law and will seek particularized information about the reasons why they elected to forgo the procedures available to criminal defendants.

    2.     **Plaintiffs' position**

14.     Plaintiffs object to the Republic serving discovery from the Plaintiffs.  It is important to note that on January 24, 2019, the Court entered an Scheduling Order [ECF No. 121] which provided all parties to serve written discovery by February 6, 2019.  Prior to the entry of the stay, Defendants had ample opportunity to serve their written discovery and failed to do so.  If the Court is inclined to give the Republic additional time to serve discovery, Plaintiffs request that they also be given additional time to serve additional discovery on the Defendants since additional jurisdictional facts have taken place including for example the finding by U.S. federal courts that

the Republic's wholly-owned oil company, Petróleos de Venezuela, S.A. ("PDVSA") is the alter ego of the Republic and thus PDVSA's commercial activites in the U.S. should be imputed to the Republic. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126 (3d Cir. 2019), cert. denied, 140 S. Ct. 2762 (2020).

15. Plaintiffs disagree with the Republic's statement that the facts of this case are different from those underlying cases where expropriations were found, as there are dozens of litigations and international investment arbitrations that have alleged that the Republic has used criminal or administrative proceedings as a tool to expropriate property. Plaintiffs' counsel is also counsel to another family that is about to launch an ad-hoc arbitration where an administrative proceeding was used to further an expropriation scheme. For example, in the case of *Serafin Garcia Armas v. República Bolivariana de Venezuela*, Permanent Court of Arbitration, PCA Case No. 2013-3 wherein an arbitral award was issued for hundreds of millions of damages for an expropriation through an administrative proceeding.

16. In light of the Republic's stance, Plaintiffs request the Court to reconsider its prior decision denying the deposition of Eladio Aponte Aponte, a Florida resident. Mr. Aponte is the former Chief of the Criminal Chamber of the Venezuelan Supreme Court and he was direct player in this case. Mr. Aponte has on numerous occassions openly admitted that the Venezuelan judiciary lacks independence (a fact confirmed by several NGOs that rank the Venezuelan judiciary as the least independent in the world) and that he personally took weekly calls from former President Hugo Chávez who directed him how the Venezuelan Supreme Court should rule on the cases pending before it. Additionally, the Court should reconsider Plaintiff's request to take the deposition of a representative of the Republic who can testify as to the nature and procedure

of the Venezuelan criminal proceedings that Plaintiffs assert were only pretextual to further the expropriation scheme.

### 3. **The Republic's response**

17. The Republic disagrees with Plaintiffs' assertion that the Republic should not be given additional time to serve discovery requests. The President recognized Juan Guaidó and the National Assembly on January 23, 2019, and Arnold & Porter sought substitution on March 19, 2019. The Court granted that motion on January 11, 2021. The Republic is entitled to a reasonable period of time to assess Plaintiffs' allegations, including to take jurisdictional discovery.

18. To the extent that Plaintiffs believe that post-filing developments are relevant, that is a matter that can be assessed during discovery. The Republic never suggested that Plaintiffs be foreclosed from discovery. The Republic does not believe that post-filing developments are relevant to the jurisdictional inquiry, but that is a matter that can be assessed in the ordinary course.

19. With regard to Plaintiffs' particular discovery demands described above, the Republic is of the view that relevance and burden must be assessed on a case-by-case basis and is prepared to meet and confer with Plaintiffs concerning any discovery that they deem essential to prove their jurisdictional allegations.

## B. Discovery Directed to the Republic

20. On February 6, 2019, Plaintiffs served discovery requests on counsel purporting to represent the Republic.

### 1. **The Republic's position**

21. The Republic is endeavoring to work with Plaintiffs and predecessor counsel to assess the underlying facts, gather available information, and evaluate prior counsel's written disclosures and discovery responses; the Republic intends to do so even though Plaintiffs' requests

were served on counsel who were not authorized to represent the Republic. The Republic will obtain information from prior counsel to the maximum extent possible consistent with the Court's schedule. The realities on the ground in Venezuela, however, mean that the Republic may not be able to obtain additional information sought by Plaintiffs in the time available under the Court's schedule. The Republic will work with Plaintiffs forthrightly to assess this information.

22. In addition, the Republic views some of the information sought by Plaintiffs as irrelevant and may seek protection from the Court if the parties cannot come to agreement. For example, the Republic is of the view that its own commercial activities in the United States are irrelevant to the statutory test invoked by Plaintiffs, which is whether "rights in property taken in violation of international law are in issue and … that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and *that agency or instrumentality* is engaged in a commercial activity in the United States." 28 U.S.C. § 1605(a)(3) (emphasis added).

23. In email correspondence, as well as at the January 11, 2021 hearing, Plaintiffs have suggested that the Parties stipulate to certain facts regarding jurisdiction. The Republic is not prepared to stipulate to any such facts at this time, but will continue to assess the available information to determine whether any factual disputes can be narrowed or eliminated.

2. **Plaintiffs' position**

24. The Republic's discovery responses are deficient as laid out in the pending motion to compel filed on April 24, 2019 [ECF No. 161]. The Court previously denied Plaintiff's request to take the deposition of a representative of the Republic, and as set out above, in light of the new arguments the Republic may seek to advance it would be prejudicial for the Plaintiffs to not have the opportunity to take live testimony on the jurisdictional issues.

25. Plaintiffs further state that if the Republic is unable to comply with its discovery obligations, the Court should enter sanctions against Republic, including, but not limited, to the entry of a default.

26. Plaintiffs disagree that the information they seek is irrelevant. Further discovery may be needed to establish whether Pequiven is the alter ego of the Republic, just like PDVSA, its sister company has been found to be the alter ego of the Republic. Moreover, the quotation above is taking out of context because the plain language of 28 U.S.C. § 1605(a) provides that: "[a] **foreign state** shall not be immune from the juridisdiction of the courts of the United States or of the States in any case . . ." and then it proceeds to list the exceptions to sovereign immunity including subsection (a)(3). 28 U.S.C. § 1605(a) (emphasis added).

### 3. **The Republic's response**

27. The Republic is prepared to meet and confer with Plaintiffs as to any particular discovery demands Plaintiffs might make.

28. The Republic strongly disagrees that the Court should enter sanctions against the Republic if it is unable to comply with its discovery obligations. Plaintiffs sought to lift the stay of this case knowing full well the situation in the Republic and fully aware that they bear the burden of proof on jurisdictional issues. Plaintiffs cannot "hold and hit" by demanding to move forward while it is impossible for the Republic to provide information that Plaintiffs and then demanding sanctions because it is impossible for the Republic to provide information that Plaintiffs think they need to meet their burden. Moreover, the FSIA does not authorize sanctions as a substitute for facts on the threshold issue of jurisdiction, and sanctioning a foreign sovereign would have serious foreign policy consequences. The Republic reserves all rights to oppose any effort by Plaintiffs to attempt to use sanctions in lieu of proving facts.

29. The Republic also disagrees with Plaintiffs' interpretation of the language of 28 U.S.C. § 1605(a), as the FSIA defines a foreign "state" to include an agency or instrumentality of the foreign state, 28 U.S.C. § 1603(a). This is an issue that can be taken up in the meet and confer process.

### C. Expert Discovery

30. As noted in its January 25, 2021 Statement, the Republic does not adopt the expert report submitted by Mr. Julio César Arias Rodríguez and will not be retaining Mr. Arias Rodríguez as an expert in this matter. The Republic does not expect to rely on expert testimony on the threshold jurisdictional issue. The Republic is well equipped to provide information to the Court about the law of Venezuela, and the Court is not limited to expert testimony in evaluating such law. *See Belleri v. United States*, 712 F.3d 543, 548 (11th Cir. 2013) ("In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.") (citation omitted).

31. Plaintiffs already filed the expert report of Antonio Canova González [ECF No. 145, original in Spanish, and ECF No. 172, English translation]. Plaintiffs only reserve the right to file a rebuttal expert report by Mr. González should there be expert reports to be filed by Defendants.

### D. Scheduling Order

32. As contemplated in this Court's order of February 1, 2021, Plaintiffs, the Republic, and Defendants Petroquímica de Venezuela, S.A. and International Petrochemical Sales Ltd. will file a joint proposed scheduling order on or before February 15, 2021 that will set forth proposed deadlines for the completion of discovery.

**RESPECTFULLY SUBMITTED,**

ARNOLD & PORTER
 KAYE SCHOLER LLP

By: *s/ Jason A. Ross*
Jason A. Ross
 (Florida Bar No. 594466)
E. Whitney Debevoise*
Arturo Caraballo*
Sally L. Pei*
Stephen K. Wirth*
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999
jason.ross@arnoldporter.com
whitney.debevoise@arnoldporter.com
sally.pei@arnoldporter.com
stephen.wirth@arnoldporter.com

Kent A. Yalowitz*
250 West 55th Street
New York, NY 10019-9710
Telephone: +1 212.836.8000
Fax: +1 212.836.8689
kent.yalowitz@arnoldporter.com

*Admitted *pro hac vice*

*Attorneys for the Bolivarian Republic of Venezuela*

LAW OFFICES OF RODRIGO S. DA SILVA, P.A.

By: s/ *Rodrigo S. Da Silva*
Rodrigo S. Da Silva, Esq.
 (Florida Bar No. 88600)
777 W. 41st St., Suite 402
Miami Beach, Florida 33140
Telephone: +1 305.615.1434
Fax: +1.305.615.1435
rodrigo@rdasilvalaw.com

*Attorney for Plaintiffs*