**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 14-cv-24414-WILLIAMS/TORRES

CARMINA R. COMPARELLI, an individual,
and JULIO C. DELGADO COMPARELLI,
an individual,

    Plaintiffs,

v.

REPÚBLICA BOLIVARIANA DE
VENEZUELA, a sovereign nation,
PETROQUÍMICA DE VENEZUELA, S.A.,
an agency or instrumentality of the Bolivarian
Republic of Venezuela, and INTERNATIONAL
PETROCHEMICAL SALES, LTD., a British
Virgin Islands corporation,

    Defendants.
_____/

**STATUS REPORT REGARDING PLEADINGS AND DISCOVERY**

Pursuant to the Court's January 11 and January 31, 2021 Orders (ECF Nos. 178 and 186, respectively), Defendants Petroquímica de Venezuela S.A. ("Pequiven") and International Petrochemical Sales Ltd. ("IPSL") submit the instant Status Report regarding additional pleadings and discovery that need to be addressed. *See* ECF No. 178.

**A.    Pleadings that need to be addressed**

    1.    On August 23, 2018, Plaintiffs filed the operative pleading in this case, which is the Amended Complaint [ECF No. 85].

2. On October 8, 2018, Pequiven moved to dismiss the Amended Complaint [ECF No. 87]. On November 13, 2018, Plaintiffs responded to Pequiven's motion to dismiss [ECF No. 99]. On November 30, 2018, Pequiven filed its reply in further support of its motion to dismiss the Amended Complaint [ECF No. 109].

3. On October 26, 2018, Plaintiffs filed an affidavit purporting to show that they allegedly effected service on IPSL [ECF No. 94]. IPSL asserts that service has not been effected pursuant to the Federal Rules of Civil Procedure. On November 12, 2018, IPSL moved for an extension of time to respond to the Amended Complaint [ECF No. 97]. On November 14, 2018, the Court granted, in part, IPSL's motion for extension of time and granted IPSL an additional 14 days to respond to the Amended Complaint [ECF No. 100]. On November 29, 2018, IPSL moved to dismiss the Amended Complaint [ECF No. 106]. Plaintiffs responded to IPSL's motion to dismiss on December 11, 2018 [ECF No. 111]. IPSL filed its reply in further support of its motion to dismiss on December 20, 2018 [ECF No. 114].

4. On February 25 and April 22, 2019, Plaintiffs filed Notices of Supplemental Authority relating to Plaintiffs' responses to the parties' motions to dismiss [ECF Nos. 122 and 158, respectively].

5. On February 12, 2021, Plaintiffs filed their Motion for Leave to File Sur-Reply in Opposition to IPSL's Motion to Dismiss [ECF No. 193]. IPSL did not consent to Plaintiffs' request for leave to file a sur-reply because Plaintiffs are improperly attempting to have the last word with respect to IPSL's motion to dismiss—which has been ripe since December 2018—and Plaintiffs did not advance any legitimate argument supporting their request for leave.

**B.     Discovery that needs to be addressed**

    6.     ***Jurisdictional Discovery Directed at Plaintiffs***

        a.     Defendants Pequiven and IPSL adopt the positions taken by Defendant Bolivarian Republic of Venezuela (the "Republic") in section II, paragraphs 7, 9, 10, 11, 12, 13, 17, 18, 19, and 20 of the February 2, 2021 Joint Status Report of Plaintiffs and the Republic ("Joint Status Report") [ECF No. 190] with respect to the need to propound jurisdictional discovery on Plaintiffs.

        b.     Pequiven and IPSL oppose the positions taken by Plaintiffs as set forth in section II, paragraphs 14, 15, and 16 of the Joint Status Report.

    7.     ***Jurisdictional Discovery Directed at Pequiven and IPSL***

        a.     On March 1, 2019, Pequiven and IPSL moved for an extension of time to respond to Plaintiffs' jurisdictional discovery requests [ECF No. 124].[1]

        b.     On March 9, 2019, Plaintiffs moved to compel jurisdictional discovery and moved for sanctions [ECF No. 126]. On February 9, 2021, the Court denied Plaintiffs' motion to compel and for sanctions as moot [ECF No. 192].

        c.     With regard to Plaintiffs' jurisdictional discovery requests directed at Pequiven and IPSL, and similar to the Republic's position as outlined in section II, paragraph 21 of the Joint Status Report, Pequiven and IPSL will attempt to obtain information to the maximum extent possible consistent with the Court's pretrial schedule. The realities on the ground in Venezuela, however, mean that Pequiven and IPSL may not be able to obtain additional information sought by Plaintiffs in the time stipulated in the Court's pretrial schedule. Pequiven

---

[1] The Republic filed a similar motion on March 8, 2019 [ECF No. 125]. On February 9, 2021, the Court denied the Republic's motion as moot [ECF No. 192].

and IPSL will work in good faith with Plaintiffs to provide responsive information, if any, as efficiently as possible.

        d.      Pequiven and IPSL adopt the Republic's position as set forth in section II, paragraph 22 of the Joint Status Report and assert that much of the information sought by Plaintiffs in their jurisdictional discovery requests is not relevant to this Court's disposition of Pequiven's and IPSL's motions to dismiss.

        e.      Pequiven and IPSL assert that, although they are not prepared to stipulate to certain facts regarding jurisdiction at this time, they will continue to assess the available information and determine whether any factual disputes can be narrowed or eliminated.

        f.      Pequiven and IPSL oppose the positions taken by Plaintiffs in section II, paragraphs 24, 25, and 26 of the Joint Status Report.

        g.      Pequiven and IPSL adopt the positions taken by the Republic in section II, paragraphs 27, 28, and 29 of the Joint Status Report.

**C.**      **Expert Discovery**

8. Plaintiffs filed the expert report of Antonio Canova González [ECF No. 145, in Spanish, and ECF No. 172, in English]. Although Pequiven and IPSL do not expect to rely on expert testimony to address the threshold jurisdictional issues, Pequiven and IPSL reserve the right to submit an expert report by the deadlines set forth in the parties' proposed scheduling order.

**D.**      **Proposed Scheduling Order**

As set forth in the Court's January 11, January 31, and February 1, 2021 Orders (ECF Nos. 178, 186, and 188, respectively), the parties shall submit a proposed scheduling order on February 15, 2021.

Dated: February 15, 2021

Respectfully submitted,

**HOGAN LOVELLS US LLP**
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Telephone:     305-459-6500
Facsimile:      305-459-6550

By:     *s/Rafael S. Ribeiro*
Mark Cheskin
Fla. Bar No. 143154
mark.cheskin@hoganlovells.com
Richard C. Lorenzo
Florida Bar No. 071412
richard.lorenzo@hoganlovells.com
Rafael R. Ribeiro
Fla. Bar No. 896241
rafael.ribeiro@hoganlovells.com

*Counsel for Defendants Pequiven and IPSL*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 15, 2021, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:     *s/Rafael R. Ribeiro*

5