UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CARMINA R. COMPARELLI, an individual
and JULIO C. DELGADO COMPARELLI, an
individual.

                       Plaintiffs,            Case No..: 1-14-CV-24414-KMW

        -against-

REPÚBLICA BOLIVARIANA DE VENEZUELA,
a sovereign nation, PETROQUÍMICA DE
VENEZUELA, S.A., an agency or instrumentality
of the Bolivarian Republic of Venezuela, and
INTERNATIONAL PETROCHEMICAL SALES,
LTD., a British Virgin Islands corporation.

                       Defendants.
_____/

**PLAINTIFFS' MOTION TO COMPEL JURISDICTIONAL DISCOVERY FROM
DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA, FOR CONTEMPT OF
COURT, FOR THE IMPOSITION OF SANCTIONS AND INCORPORATED
MEMORANDUM OF LAW**

Plaintiffs, Carmina R. Comparelli ("**Carmina**") and Julio C. Delgado Comparelli ("**Julio**") (collectively, "**Plaintiffs**"), through their undersigned counsel, move to compel responses to jurisdictional discovery, for contempt, and for the imposition of sanctions against Defendant Bolivarian Republic of Venezuela ("**Venezuela**"). In support thereof, Plaintiffs state as follows:

**FACTUAL BACKGROUND**

1. On February 24, 2021, after lifting an almost two (2) years stay of this litigation [ECF No. 178], the Court entered an Amended Scheduling Order on Jurisdictional Discovery [ECF No. 201] (the "**Scheduling Order**"). Pursuant to the Scheduling Order, on **March 31, 2021**, Venezuela had "to serve their written objections and responses to Plaintiffs' discovery requests propounded on

February 6, 2019 [and any supplemental discovery requests allowed under the Scheduling Order]" as well as "to produce documents responsive to requests for production.

2. As it will be set out in further detail below, Venezuela has brazenly failed to comply with its discovery obligations under the Federal Rules of Civil Procedure and is in direct contempt of this Court's Scheduling Order. Before addressing the specific problems with the production, it is important to note that on **February 6, 2019**, prior to the order staying this litigation, Plaintiffs had served on Pequiven their: (i) First Requests for Production (**Exhibit A**); (ii) First Set of Interrogatories (**Exhibit B**); and (iii) First Requests for Admissions (**Exhibit C**).

3. In addition, pursuant to the Scheduling Order, on February 22, 2021, Plaintiffs served on Pequiven their: (i) Second Requests for Production (**Exhibit D**); (ii) Second Set of Interrogatories (**Exhibit E**); and (iii) Second Requests for Admissions (**Exhibit F**).

4. On March 31, 2021, Venezuela served on Plaintiffs their: (i) Responses to Plaintiffs' First and Second Requests for Production (**Exhibit G**); (ii) Responses to Plaintiffs' First Set of Interrogatories (**Exhibit H**); (iii) Responses to Second Set of Interrogatories (**Exhibit I**); and (iv) Responses to Plaintiffs' First Requests for Admissions (**Exhibit J**); and (v) Responses to Plaintiffs' Second Requests for Admissions (**Exhibit K**).

5. Venezuela's responses to all of Plaintiffs' Requests for Production (**Exhibit G**) also raise the same purported inability to obtain information and documentation by the Guaidó administration.[1] In addition, Venezuela asserts a host of general objections that are impermissible.

---

[1] In their responses to Plaintiffs' requests for production, Venezuela states "[s]ome documents that may have been responsive to Plaintiffs; Requests may no longer exist or are otherwise unavailable to the Guaidó Administration. To that end, attached as Exhibit 1 to these Responses is correspondence from Ramón Alfredo Aguilar, from the Office of the Special Attorney General of the Republic, explaining that the Office does not currently have access to additional documents and information responsive to Plaintiffs' discovery requests." Like the correspondence attached by Pequiven and IPSL, the unsworn and untranslated correspondence of Mr. Aguilar fails to indicate what efforts, if any, were made to collect the information and documentation from the "Maduro

Case No..: 1-14-CV-24414-KMW

*Commodity Futures Trading Comm'n v. Cromwell Fin. Services, Inc.*, 06-80362-CIV, 2007 WL 9701837, at *2 (S.D. Fla. Apr. 5, 2007) ("As discussed above, it is well settled that general objections are improper, and without further support such objections may be considered waived."). Furthermore, Venezuela also raises improper boilerplate. *Riviera v. 2K Clevelander, LLC*, 16-21437-CIV, 2017 WL 5496158, at *2 (S.D. Fla. Feb. 22, 2017) ("Boilerplate objections and generalized responses are improper"). In addition, a "Defendant [that] repeatedly asserts that Plaintiff's discovery requests are "irrelevant," 'overbroad,' 'ambiguous,' 'protected by the work product and/or attorney client privileges,' or 'not reasonably calculated to lead the discovery of admissible evidence'" is clearly making "unmistakably boilerplate" objections. *Id.* at *3. Further yet, Venezuela makes bold and **blanket**[2] assertions of evidentiary privileges such as the law-enforcement privilege, the deliberate-process privilege, and the states-secret privilege, yet Venezuela's privilege log attached hereto as **Exhibit L** fails to identify any documents withheld from production under these purported privileges.[3]

6. Between April 9 and 14, 2021, Venezuela produced to Plaintiffs a total of 266 pages of responsive documents to the following requests for production: (i) Requests for Production Nos. 1-2, 4-7, and 12 of Plaintiffs' First Requests for Production and (ii) Requests for Production Nos. 1-2, 4 and 8 of Plaintiffs' Second Requests for Production. Except for a handful of documents produced by Pequiven, Venezuela's document production is limited to the production of publicly available documents such as decisions of the Venezuelan and Costa Rican courts. Venezuela also claims that

---

Regime." It appears that they haven't taken any steps to request the information from other government officials.

[2] The Eleventh Circuit has held that privilege must be asserted on a document by document basis, and not as a blanket assertion to all subpoenaed documents. *See In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987); see also *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 08-21085-CIV, 2008 WL 4327253, at *1-2 (S.D. Fla. Sept. 18, 2008) ("In addition, a blanket claim of privilege is insufficient. If Defendant . . . seeks to claim a privilege, he must file a privilege log that complies with the Local Rule 26.1.G.3(b).")

[3] Plaintiffs reserve the right to challenge the applicability of any said privileges as either not applicable to documents in question or not available under Venezuelan law.

3

it does not have to produce documents that are equally accessible to Plaintiffs, but that is not the case, and even if it was the case, once the Plaintiffs' companies were unlawfully expropriated all of their corporate and financial records were also taken by the agencies and instrumentalities of Venezuela and as of this date, Plaintiffs do not have access to the documents of their companies. Venezuela should be ordered by the Court to produce all non-publicly available documents responsive to all of Plaintiffs' requests for production within twenty (20) days.

7. Furthermore, Venezuela objected to the following requests for admissions (**Exhibits J-K**): (i) Request for Admission Nos. 6 through 19[4] of Plaintiffs' First Requests for Admissions and (ii) Request for Admission Nos. 1 through 25 Plaintiffs' Second Requests for Admissions. Most of the objections are on the purported basis that they admissions as to legal conclusions.

8. "Although Rule 36(a) authorizes a party to serve a request for [admission] relating to the application of law to fact, a party may not seek an admission as to a pure conclusion of law." *Gross v. Guzman*, No. 11-23028-CV, 2013 WL 12091159, at *10 (S.D. Fla. Jan. 25, 2013). "In 1970, Rule 36 was amended to allow for requests applying law to fact. It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion . . ." *See Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006). Plaintiffs' requests for admissions do not seek admissions as to conclusion of law, many are purely fact-based (i.e., whether a warrantless search was conducted, the date of enactment and entry into force of certain laws, whether the Venezuelan Constitution has a due process provision, etc.) and others are the application of law to fact such as whether IPSL, a company incorporated in the British Virgin Islands is an agency or instrumentality of Venezuela pursuant to the express language of a statutory provision

---

[4] Venezuela also objected to Request for Admission No. 20 contained in Plaintiffs' First Requests for Admission, but that Request contained a scrivener's error as it should have read Carmina instead of Julio and, in any event, it is duplicative of Request for Admission No. 19. Thus, Plaintiffs withdraw Request for Admission No. 20.

of the FSIA.  Thus, the Court should either deem the objected requests for admissions to be admitted, or order Venezuela to provide amended answers within twenty (20) days.

9.      Further yet, Venezuela's responses to Plaintiffs' Interrogatories (**Exhibits H-I**) are deficient because it improperly objected to proper and common form interrogatories such as explaining the factual basis for the denial of any request for admission, and it relies on its purported inability to obtain information to provide the answers.  Other than answering interrogatories as to who assisted in the preparation of the answers, Venezuela's answers are non-responsive and evasive.  Accordingly, Venezuela should be ordered to serve amended answers to Plaintiffs' First and Second Set of Interrogatories.

### SUMMARY OF THE MOTION

It is an indisputable fact that the jurisdictional discovery sought by the Plaintiffs in this action is **within the possession, custody, or control of Venezuela**.[5]  The named defendant here is Venezuela and there is only one Bolivarian Republic of Venezuela, not one governed by the "Guaidó regime" and one by the "Maduro regime."  Counsel for the Guaidó regime knew in what case they were interjecting themselves in when they sought to substitute counsel previously appointed by the Maduro regime or in the case of Pequiven and IPSL to remain as counsel of record but take instruction for another set of government officials.  In fact, counsel for Venezuela informed the Court during the January 11, 2021 Status Conference that Venezuela (and the other defendants) would not likely be able to comply with its discovery obligations in support of their arguments to keep an indefinite stay of this litigation in place.  However, the Court lifted the stay recognizing that keeping an indefinite

---

[5] While some of the information and documentation may be in the possession, custody or control of state governments such as the government officials in the state of Zulia, Venezuela's federal government can request and obtain the required information and documentation.  In fact, Venezuela has already accessed such information and documentation when it was convenient for the Republic's efforts to unsuccessfully extradite members of the Comparelli family from Costa Rica.

stay was improper and then warned counsel for all defendants that if they fail to comply with their discovery obligations they could be subject to the same adverse consequences that any litigant can face in court for failure to comply with discovery orders and the Federal Rules of Civil Procedure.[6] Moreover, sooner or later, Defendants have to face the consequences if they cannot participate in the defense of this action because the jurisdictional discovery that is the subject of this motion is the same discovery that will be needed to litigate the case on the merits.[7]

In fact, even before there was the special situation of having two (2) parallel governments in Venezuela, the defendants were already building a case that they would have trouble responding to discovery because they were large entities and the government of Venezuela. This Court at the previous status conference held on July 24, 2018,[8] warned that the identity of the parties is irrelevant

---

[6] A copy of the hearing transcript for the January 11, 2021 Status Conference will be filed by the Plaintiffs as soon as it is available.

[7] In *Bolivarian Republic of Venezuela v. Helmerich & Payne International Drilling Co.*, 137 S. Ct. 132 (2017), a unanimous Court held that in order for a plaintiff invoking the expropriation exception to the Foreign Sovereign Immunities Act to survive a motion to dismiss, the plaintiff must show –rather than simply present a non-frivolous argument in the complaint –that there was property "taken in violation of international law." Thus, the jurisdictional discovery the Plaintiffs need at this stage of the litigation is the same discovery Plaintiff will need to present their case on the merits.

[8] During the July 24, 2018, status conference, the following exchange between counsel (from Hogan Lovells LLP) for Pequiven and IPSL took place:

> MR. CHESKIN: Your Honor, briefly.
> THE COURT: Okay.
> MR. CHESKIN: Discovery in these sorts of cases are rare – I think Mr. Smith would agree it is very hard to get much discovery from foreign sovereigns in Latin American and the Caribbean. We are dealing with people who are not used to discovery so less would certainly be more here.
> THE COURT: I do understand that. However it is not a question of some local business that somehow became mired in international discussions of liability, this is a prominent sophisticated foreign sovereign. So while the less is more has some resonance, that only get us so far.
>
> **Because then you have the jurisdiction of the Court and discovery to deal with. And while that may be difficult to explain to a foreign national, I find it sometimes equally hard to tell people here in the U.S. about things like default and sanctions when they are not comporting with the rules of the Court. But because everyone here is clearly**

as all parties are required to comply with the Federal Rules of Civil Procedure and the Court's Orders. The Court cautioned that failure to comply with its Orders can lead to various sanctions against a party and/or its counsel.  In short, the Defendants' purported inability to comply with their discovery obligations has always been a theme of this case and at some point, the Defendants must face the consequences that this Court has already warned them they could face.

Consequently, Plaintiffs request an Order: (i) compelling Venezuela to serve amended answers to Plaintiffs' First and Second Set of Interrogatories and First and Second Requests for Production within twenty (20) days and producing additional responsive documents; (ii) deeming as admitted all First and Second Set of Requests for Admissions that Venezuela failed to admit or deny;  (iii) holding Venezuela in contempt of the Scheduling Order and giving Venezuela the opportunity to purge the contempt if it complies with re-serving responses to Plaintiffs' First and Second Set of Interrogatories and First and Second Requests for Production along with the responsive documents within twenty (20) days; (iv) in case of Venezuela's failure to purge the contempt, entering a default judgment against Venezuela; and (v) ordering Venezuela to pay Plaintiffs' attorney's fees for bringing this Motion as well as for their efforts to meet and confer to find a resolution to the issues raised herein.

**ARGUMENT**

**I.   The Court must compel Venezuela to respond to Plaintiffs' First and Second Set of Interrogatories and First and Second Requests for Production**

Federal Rule of Civil Procedure 26(b) grants the district court broad authority to control the scope of discovery. Fed. R. Civ. P. 26(b).  Under Rule 16(b), a district court must issue a scheduling order limiting the time to complete discovery. Fed. R. Civ. P. 16(b)(3)(A).  The U.S. Court of Appeals for the Eleventh Circuit has "often held that a district court's decision to hold litigants to the clear

---

**extraordinarily capable I am confident those concepts will be shared by counsel on both sides of the aisle.**

*See* **Exhibit L**, July 24, 2019 Hearing Transcript 18:10-19:4 (emphasis added).

7

terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292, 1307 (11th Cir. 2011).

As set out above, Venezuela has thoroughly failed to respond to Plaintiffs' written discovery requests. Venezuela's failure to respond to the discovery requests severely prejudices Plaintiffs. Venezuela challenged the Court's subject matter jurisdiction under the FSIA. As a result, Plaintiffs bear the burden of establishing subject matter jurisdiction. However, Plaintiffs cannot meet their burden if Venezuela does not respond to jurisdictional discovery. Venezuela cannot have it both ways, on the one hand asserting a jurisdictional defense, and on the other hand fail to comply with jurisdictional discovery required to defeat such defense.

Accordingly, the Court should compel Venezuela to respond to Plaintiffs' First and Second Set of Interrogatories and First and Second Request for Production as well as producing all responsive documents within twenty (20) days. For the reasons stated in subsection II below, Plaintiffs do not request the Court to compel Venezuela to respond to the requests for admissions that Venezuela failed to admit or deny within Plaintiffs' First and Second Requests for Admissions because those should be deemed admitted for failure to respond.[9]

## II. The matters in the First and Second Requests for Admissions must be deemed admitted by Venezuela for failure to timely respond

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions, allowing a party to serve on "any other party a written request for the admission … of the truth of any matters within the [general scope of discovery] set forth in the request that relate to statements or opinions of fact or of the application of law to fact." Fed. R. Civ. P. 36(a). "The purpose of the rule is to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez*

---

[9] To the extent the Court disagrees, Pequiven should also be ordered to serve amended responses to Plaintiffs' First and Second Requests for Admissions within twenty (20) days.

*v. Miami-Dade County*, 297 F. 3d 1255, 1264 (11th Cir. 2002) (citing 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed. 1994); *Pickens v. Equitable Life Assurance Soc'y,* 413 F.2d 1390, 1393 (5th Cir.1969)). The served party has thirty (30) days after service to respond to the request—by a written answer "specifically deny[ing] the matter" or "set[ting] forth in detail the reasons why [it] cannot truthfully admit or deny the matter" or by objecting to the request. Fed. R. Civ. P. 36(a). If a party fails to respond within thirty (30) days, then "[t]he matter is admitted." *Id.* Once the matter is admitted, Rule 36(b) provides that it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Id.*

Here, Venezuela failed to timely respond to many of Plaintiffs' Requests for Admissions in violation of Rule 36(b) and the Court's Scheduling Order. As a result, pursuant to Rule 36(b), the Requests for Admissions must be deemed admitted and "conclusively established."

**III.     The Court should hold Venezuela in contempt of the Scheduling Order**

"A finding that a party failed to comply with a discovery order is a finding of civil contempt." *Zow v. Regions Financial Corp.*, 595 Fed. Appx. 887, 889 (11th Cir. 2014) (citations omitted). "A finding of civil contempt must be based upon clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* Moreover, pursuant to Federal Rule of Civil Procedure 16(1)(C), the Court, on motion or on its own, may hold Defendants in contempt of the Scheduling Order for failing to comply with same. Fed. R. Civ. P. 16(1)(C).

The Court should hold Venezuela in contempt of the Scheduling Order. A finding of civil contempt for such failure is proper because the Scheduling Order was valid and lawful. The Scheduling Order clearly, definitely, and unambiguously ordered Venezuela to serve responses to Plaintiffs' written discovery requests and responsive documents by March 31, 2021 [ECF No. 201]. In addition, Venezuela had the ability to comply with the Scheduling Order as the information and

documents sought are clearly within its possession, custody, or control. While this case presents a unique and special situation given the two (2) parallel governments in place in Venezuela, the proffered unsworn documentation fails to reveal a truly diligent effort to search, locate, and produce the responsive information and documentation. Venezuela's proposed course of action of failing to comply with its discovery obligations until there is a transition in power in Venezuela is just not logical or possible given the circumstances considering this action was filed in November 2014 and the Plaintiffs have a legitimate interest in seeking justice.[10] Moreover, it appears, as already noted by other federal courts and this Court at the January 11, 2021 status conference, that no matter how much time Venezuela and other defendants associated with the Republic are given, they will not be able to fulfill their pre-trial obligations including discovery. Thus, at some point this Court must address head on the situation created by Venezuela's non-compliance with the Court's orders and discovery obligations.

For the reasons set out above, Venezuela should be held in civil contempt for violating the Court's Scheduling Order.

## IV. The Court should order Venezuela to pay Plaintiffs' attorney's fees

Federal Rule of Civil Procedure 16(f) authorizes sanctions for violations of a scheduling order and provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A) (ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. R. 16(f)(1); *see Glanzrock v. Patriot Roofing Industries, Inc.*, 2008 WL 383395, \* 1 (M.D. Fla., Aug. 15, 2008). Accordingly, under Rule 37, a district court may impose upon

---

[10] The main plaintiff, Carmina, will turn seventy (70) years old this coming September. The overwhelming majority of the multi-million damages sought in this action for the unlawful expropriation of her company, Marivelca, C.A are claimed by Carmina. This action was commenced on November 19, 2014 [ECF No. 1] and the expropriation of the companies at issue in this action occurred in November 2010.

parties and their attorneys for failure to comply with the court's scheduling order the following sanctions: (1) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (2) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (3) the court may consider the violation a contempt of court. Fed. R. Civ. P. 37 (b)(2)(A)(ii)-(vii); Fed. R. Civ. P. 16(f)(1). Nonetheless, these Rule 37 sanctions do not themselves allow for monetary sanctions and are not an exhaustive list of available sanctions under Rule 16(f) for violations of scheduling orders. *See* Fed. R. Civ. P 16(f)(1) and (2); *See, e.g., Joshua v. State Farm Fire and Cas. Co.*, 2008 WL 145095, * 2 n.2 (E.D. La. Jan. 14, 2008) (the sanctions in Rule 37 are not an exhaustive list as sanctions are listed in Rule 16). Additionally, Rule 16(f)(2) provides that monetary sanctions are allowed for violations of a scheduling order, as follows:

> . . . Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2); *Verdi v. Kirby*, 2008 WL 2704585, *2 (M.D. Ga. July 3, 2008). The purposes of this wide range of sanctions authorized by Rule 16(f) are to allow for punishment of lawyers and parties for unreasonably delaying or otherwise interfering with the court's ability to expeditiously manage trial preparation, to prevent unfair prejudice to the litigants, and to ensure the integrity of the discovery process. *See Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985); *In re Louis J. Pearlman Enterprises, Inc.*, 2008 WL 5082472, at *6 (Bkrtcy. M.D. Fla. May 2, 2008) (quoting *U.S. v. Samaniego*, 345 F. 3d 1280, 1284 (11th Cir. 2003)); *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004).

An award of monetary and other sanctions under Rule 16(f) for violations of scheduling orders falls within the discretion of the Court. *In re Louis J. Pearlman Enterprises, Inc.*, 2008 WL 5082472 at *6

(quoting *U.S. v. Samaniego*, 345 F. 3d at 1284). In interpreting the exact language of Rule 16(f)(2), as set forth in Rule 37(b)(2)(C), the Supreme Court has clarified that a party's "discovery conduct should be found 'substantially justified,' if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental Amer. Ins. Co.*, 989 F. 2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Maddow v. Procter & Gamble Co., Inc.*, 107 F. 3d 846, 853 (11th Cir. 1997); *see, e.g., Klaitz v. New Jersey*, 2008 WL 111277, *8 (D.N.J. Jan. 9, 2008) (quoting *Tracinda Corp v. DamimlerChrysler AG*, 502 F. 3d 212, 241 (3d Cir. 2007)) (in the context of Rule 16(f)(2), "substantial justification" occurs when there is a "genuine dispute concerning compliance"). Sanctions are justified "if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *Samaniego*, 345 F. 3d at 1284.

Here, Venezuela deliberately refused to comply with the Scheduling Order and as set out above, the purported responses to Plaintiffs' written jurisdictional discovery requests were woefully deficient. During the past three (3) status conferences, the Court cautioned the parties of the risks of failing to respond to discovery in violation of a Scheduling Order. Venezuela's actions and inactions justify monetary sanctions in the form of attorney's fees for costs incurred to bring this Motion under Rule 16(f) and/or an order striking Venezuela's jurisdictional defenses asserted in this proceeding.

In the alternative, if the Court decides to forego imposing sanctions on Venezuela under Rule 16(f), the Court may impose similar sanctions under Rule 37(a)(5) if the Court grants Plaintiffs' Motion to Compel. *JetCard Plus, Inc.*, 304 F.R.D. 664, 667 (S.D.Fla. 2015) (quoting Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii)) (Rule 37(a)(5) "provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery. The payment of the moving party's expenses is required unless 'the opposing party's nondisclosure, response or objection was substantially justified' or 'other circumstances make an award of expenses unjust.'").

Case No..: 1-14-CV-24414-KMW

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request the Court enter an Order: (i) granting this motion; (ii) compelling Venezuela to respond to Plaintiffs' First and Second Set of Interrogatories and First and Second Requests for Production within twenty (20) days; (iii) deeming as admitted all unanswered requests for admissions in Plaintiffs' First and Second Set of Requests for Admissions; (iv) holding Venezuela in contempt of the Scheduling Order and giving Venezuela the opportunity to purge the contempt if it complies with re-serving responses to Plaintiffs' First and Second Set of Interrogatories and First and Second Requests for Production along with the responsive documents within twenty (20) days of the entry of the Court's order granting this motion; (v) in case of Venezuela's failure to purge the contempt, entering a default judgment against Venezuela (vi) ordering Venezuela to pay Plaintiffs' attorney's fees for bringing this Motion as well as for their efforts to meet and confer to find a resolution to the issues raised herein; and (vii) for any other further relief that this Court deems just and proper.

Dated:  May 5, 2021.

Respectfully submitted,

LAW OFFICES OF RODRIGO S. DA SILVA, P.A.
777 Arthur Godfrey Road, Suite 402
Miami Beach, Florida 33140
E-mail: rodrigo@rdasilvalaw.com
Telephone:     (305) 615-1434
Facsimile:     (305) 615-1435

By: /s/ *Rodrigo S. Da Silva*
    Rodrigo S. Da Silva, Esq.
    Florida Bar No. 0088600
    *Counsel for Plaintiffs, Carmina R. Comparelli and Julio C. Delgado Comparelli*

Case No..: 1-14-CV-24414-KMW

## **CERTIFICATE OF COMPLIANCE OF GOOD FAITH CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), counsel for plaintiffs Carmina R. Comparelli and Julio C. Delgado Comparelli, Rodrigo S. Da Silva, certifies that he conferred with Kent Yalowitz, Esq. counsel for Defendant Petroquímica de Venezuela, S.A. on April 5, 2021, and on May 4, 2021, but despite undersigned's best efforts, Plaintiffs were unable to resolve the matters set forth in the instant motion.

          /s/ *Rodrigo S. Da Silva*
          Rodrigo S. Da Silva, Esq.