# EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA (MIAMI DIVISION)**

CARMINA R. COMPARELLI, an individual,
and

JULIO C. DELGADO COMPARELLI, an
individual,

        *Plaintiffs*,

        v.

BOLIVARIAN REPUBLIC OF VENEZUELA,     Case No.:14-cv-24414-WILLIAMS
a sovereign nation;

PETROQUÍMICA DE VENEZUELA, S.A., an
agency or instrumentality of the Bolivarian
Republic of Venezuela; and

INTERNATIONAL PETROCHEMICAL
SALES, LTD., a British Virgin Islands
corporation,

        *Defendants*.

**DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S**
**RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**SECOND SET OF REQUESTS FOR ADMISSION**

        Pursuant to Fed. R. Civ. P. 36 and the Court's February 17, 2021, Scheduling Order, the

Bolivarian Republic of Venezuela hereby provides responses to Plaintiffs' Second Set of Requests

for Admission (the "Requests"), served on February 22, 2021.

1

## **GENERAL OBJECTIONS**

Each response is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Request, does not waive any of the General Objections. The Republic objects to the Instructions and Definitions that apply to these Requests to the extent they are inconsistent with or impose obligations beyond those required by the Federal Rules of Civil Procedure. The Republic objects to the production of any documents protected by any common-law, statutory, or constitutional privilege under applicable law, including the law of Venezuela, and including, without limitation, the attorney-client privilege, the work-product privilege, and applicable protections concerning law enforcement, deliberative process, and the conduct of government.

The Republic further objects to the Requests to the extent they suggest that the Court should deem the conduct of the Venezuelan Prosecutor's Office and the Venezuelan courts from 2008 to 2011 to have been illegitimate or unlawful.

The Republic has not yet completed its investigation into the facts underlying or supporting Plaintiffs' claims and assertions in this lawsuit and any defenses the Republic may later assert. The Republic responds to the Requests based on its knowledge and information that it has been able to locate based upon a reasonably diligent search. Some documents that may have contained information responsive to Plaintiffs' Requests may no longer exist or are otherwise unavailable to the Guaidó Administration. To that end, attached as Exhibit 1 to these Responses is correspondence from Dr. Ramón Alfredo Aguilar, from the Office of the Special Attorney General of the Republic, explaining that the Office does not currently have access to additional documents and information responsive to Plaintiffs' discovery requests. Discovery is ongoing, and the

2

Republic reserves the right to supplement, amend, or correct its responses and objections with additional information.

<u>**SPECIFIC RESPONSES TO REQUESTS**</u>

1.      **Admit that during the years of 2007 through 2010, hydrochloric acid was produced within Venezuela and its exclusive provider was Petroquímica de Venezuela, S.A. ("Pequiven").**

<u>Answer:</u> The Republic has made a reasonable inquiry, and the information known or readily obtainable by the Republic is insufficient to enable the Republic to admit or deny this Request, and for that reason the Republic denies the Request.  The Republic does not know what entities other than Pequiven may been engaged in the production of hydrochloric acid from 2007 to 2010.  The Republic's investigation is ongoing, however, and the Republic reserves the right to supplement this Answer as needed.

2.      **Admit that during the years of 2007 through 2010, Pequiven was the exclusive supplier of hydrochloric acid to Marivelca.**

<u>Answer:</u> The Republic has made a reasonable inquiry, and the information known or readily obtainable by the Republic is insufficient to enable the Republic to admit or deny this Request, and for that reason the Republic denies the Request.  The Republic does not know what entities other than Pequiven may have supplied hydrochloric acid to Marivelca.  The Republic's investigation is ongoing, however, and the Republic reserves the right to supplement this Answer as needed.

3.      **Admit that on August 8, 2008 (the "<u>2008 Warrantless Search</u>"), employees or agents of the National Guard of Venezuela conducted a warrantless search at Marivelca's**

headquarters located at Carretera Guacara – los Guayos, Zona Industrial "El Nepe," Municipio Guacara, Valencia, Estado de Carabobo.

Answer: The Republic objects to this Request because it presumes the occurrence of a warrantless search in 2008.  The Republic has made a reasonable inquiry, and the information known or readily obtainable by the Republic is insufficient to enable the Republic to admit or deny this Request, and for that reason the Republic denies the Request.   The Republic's investigation is ongoing, however, and the Republic reserves the right to supplement this Answer as needed.

4. **Admit that during the 2008 Warrantless Search, it was allegedly reported that Marivelca had an excess inventory of hydrochloric acid in the amount of 1,371,470 kilograms.**

Answer: The Republic objects to this Request because it presumes the occurrence of a warrantless search in 2008.  The Republic lacks sufficient information to reach a conclusion as to whether any warrantless searches of Marivelca were conducted in 2008.  Subject to and without waiving any objection, the Republic admits that it was allegedly reported that Marivelca had an excess inventory of hydrochloric acid in the amount of 1,371,470 kilograms.

5. **Admit that in December 2010, after Pequiven took over the management and operation of Marivelca, a physical audit of Marivelca's inventory from 2007 through 2010, revealed an excess inventory of hydrochloric acid in the amount of only 410 kilograms, all within customary tolerance margins.**

Answer: The Republic objects to this Request because it presumes that Pequiven "took over the management and operation of Marivelca," which the Republic denies.  The Republic also objects to the Request because it calls for a legal conclusion regarding "customary tolerance

4

margins" for inventory of hydrochloric acid.  Subject to these objections, the Republic admits that Marivelca purports to have conducted an audit of sales and inventory records from 2007 through 2010 and purports that that audit revealed an excess of only 410 kilograms of hydrochloric acid.

**6.     Admit that a review of the documentation relating to Marivelca's purchase and sale documentation as well as documentation regarding its physical inventory could not establish the excess inventory of hydrochloric acid set forth in Request for Admission No. 4 above.**

Answer: The Republic objects to this Request because it is vague.  The Request fails to specify the "documentation regarding [Marivelca's] physical inventory" and "the documentation relating to Marivelca's purchase and sale documentation" to which it refers.  The Republic therefore denies this Request.  The Republic's investigation is ongoing, however, and the Republic reserves the right to supplement this Answer as needed.

**7.     Admit that during 2007 through 2010, Marivelca had all governmental approvals, including those of the "Cuerpo de Investigaciones Científicas Penales y Criminalísticas ("CICPC")" to be a local operation of controlled chemical substances and authorized to purchase and sale these controlled chemical substances with other commercial players duly authorized by the CIPC and other government agencies.**

Answer: The Republic objects to this Request because it calls for legal conclusions and is vague and overbroad.  The Request fails to describe "all governmental approvals" to which it refers.  To the extent the Request refers to approvals required by State or local law, the Republic is without sufficient information to admit or deny the Request.  The Request also calls for legal conclusions regarding what approvals are required for an entity to be "a local operation of controlled chemical substances and authorized to purchase and s[ell] these controlled chemical

substances."  The Request further calls for a legal conclusion to the extent that it presumes the validity or enforceability of any "governmental approvals."  Because of the nature of this Request, the Republic denies it.

**8.      Admit Article 49 of Venezuela's Constitution provides that due process applies to all administrative and judicial acts.**

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

**9.      Admit that during the years 2007 through 2009, Marivelca provided monthly reports and documentation regarding the purchase, sale, and inventory of controlled chemical substances to both the CICPC and to the Oficina Nacional Antidrogas ("ONA").**

Answer: The Republic has made a reasonable inquiry, and the information known or readily obtainable by the Republic is insufficient to enable the Republic to admit or deny this Request, and for that reason the Republic denies the Request.  The Republic's investigation is ongoing, however, and the Republic reserves the right to supplement this Answer as needed.

**10.     Admit that following the 2008 Warrantless Search, Marivelca should have been notified and allowed to present its defense regarding the alleged excess inventory of hydrochloric acid.**

Answer: The Republic objects to this Request because it presumes the occurrence of a warrantless search in 2008.  The Republic lacks sufficient information to reach a conclusion as to whether any warrantless searches of Marivelca were conducted in 2008.  The Republic also objects to this Request because it calls for a purely legal conclusion.  Because of the nature of this Request, the Republic denies it.

**11.     Admit that as a result of the 2008 Warrantless Search, Marivelca should have, if anything, been first punished administratively before referring the matter for criminal prosecution to the Ministerio Público.**

Answer: The Republic objects to this Request because it presumes the occurrence of a warrantless search in 2008.  The Republic lacks sufficient information to reach a conclusion as to whether any warrantless searches of Marivelca were conducted in 2008.  The Republic also objects to this Request because it calls for a purely legal conclusion.  Because of the nature of this Request, the Republic denies it.

**12.     Admit that there were no administrative proceedings following the 2008 Warrantless Search, wherein it would have been determined that the storage of hydrochloric acid was not for the purposes of manufacturing illegal drugs.**

Answer: The Republic objects to this Request because it presumes the occurrence of a warrantless search in 2008.  The Republic lacks sufficient information to reach a conclusion as to whether any warrantless searches of Marivelca were conducted in 2008.  With regard to whether administrative proceedings regarding the purpose of Marivelca's storage of hydrochloric acid took place, the Republic has made a reasonable inquiry, and the information known or readily obtainable by the Republic is insufficient to enable the Republic to admit or deny this Request, and for that reason the Republic denies the Request.  The Republic's investigation is ongoing, however, and the Republic reserves the right to supplement this Answer as needed.

**13.     Admit that pursuant to Numeral 1 of Article 49 of the Venezuelan Constitution, Marivelca and its directors had the right to present their defense.**

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

14.     **Admit that upon the ONA's receipt of the documentation regarding the 2008 Warrantless Search, this government entity should have summoned the Plaintiffs to present their defense.**

Answer: The Republic objects to this Request because it presumes the occurrence of a warrantless search in 2008.  The Republic lacks sufficient information to reach a conclusion as to whether any warrantless searches of Marivelca were conducted in 2008.  The Republic also objects to this Request because it calls for a purely legal conclusion.  Because of the nature of this Request, the Republic denies it.

15.     **Admit that Marivelca and its officers and directors due process rights are triggered under the Venezuelan Constitution at the beginning of an administrative investigation by competent government agency as set forth in the Official Gazette No. 36545 of September 23, 1998.**

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

16.     **Admit that Plaintiffs filed with the Ministerio Público documentary evidence denying all of the alleged facts charged against them, which were acknowledged to have been received on December 15, 2010, and that the Ministerio Público has not provided any kind of response regarding said documentary evidence.**

Answer: The Republic has made a reasonable inquiry, and the information known or readily obtainable by the Republic is insufficient to enable the Republic to admit or deny this Request, and for that reason the Republic denies the Request.  The Republic's investigation is ongoing, however, and the Republic reserves the right to supplement this Answer as needed.

17.     Admit that on September 15, 2010, pursuant to Official Gazette No. 39.510, a new drug trafficking law, "La Ley Orgánica de Drogas" came into force within Venezuela.

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

18.     Admit that "La Ley Orgánica de Drogs" regulates everything relating to the traffic, distribution, and storage of controlled and psychotropic substances..

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

19.     Admit that Article 37 of "La Ley Orgánica de Drogas" provides that it is legal to among other things store, distribute and transport controlled chemical substances by natural or legal persons duly authorized by the proper government agenceis and bodies.

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

20.     Admit that Article 37 of "La Ley Orgánica de Drogas" covers the alleged criminal conduct charged of the Plaintiffs in this action, to wit, the storage of hydrochloric acid by a legal person, Marivelca, a Venezuelan corporation duly authorized by the CICPC to store such controlled chemical substance.

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

21.     Admit that Article 24 of the Venezuelan Constitution provides that Venezuelan laws do not have retroactive effect, except when they impose a lesser penalty.

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

22.     Admit that Article 24 of the Venezuelan Constitution provides that newly enacted laws apply from the moment of their enactment to pending legal and/or administrative proceedings.

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

23.     Admit that pursuant to Article 24 of the Venezuelan Constitution, in the case of any doubt between conflicting laws, such doubt will be applied to the benefit of a criminal defendant.

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

24.     Admit that upon the enactment of "La Ley Orgánica de Drogas" it is unlawful to criminally prosecute the Plaintiffs for the storage of hydrochloric acid.

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

25.     Admit that the decriminalization of the storage of controlled substances in compliance with Article 37 of "La Ley Orgánica de Drogas" also makes the charge of criminal conspiracy against the Plaintiffs unlawful since there is no underlying criminal offense that is the subject of the alleged conspiracy.

Answer: The Republic objects to this Request because it calls for a purely legal conclusion. Because of the nature of this Request, the Republic denies it.

Respectfully submitted,

Dated:   March 31, 2021

By: s/ *Jason A. Ross*

Jason A. Ross
  (Florida Bar No. 594466)
E. Whitney Debevoise*
Arturo Caraballo*
Sally L. Pei*
Stephen K. Wirth*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999
jason.ross@arnoldporter.com
whitney.debevoise@arnoldporter.com
sally.pei@arnoldporter.com
stephen.wirth@arnoldporter.com

Kent A. Yalowitz*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: +1 212.836.8000
Fax: +1 212.836.8689
kent.yalowitz@arnoldporter.com

*Admitted *pro hac vice*

*Attorneys for the Bolivarian Republic of
  Venezuela*

11

# Exhibit 1



**OFICINA DEL PROCURADOR ESPECIAL**
República Bolivariana de Venezuela

**PER-B-053**                                    Bogotá D.C., 26 de marzo de 2021

Señores
Kent Yalowitz y/o Arturo Caraballo
Arnold & Porter
On line.-

              Asunto:        Información sobre caso Comparelli

Me es grato dirigirme a ustedes, por instrucciones del señor Procurador Especial, en la oportunidad de dar respuesta a la solicitud de información requerida por esa firma. En tal sentido, le indicamos que hemos recibido y revisado su memorando de fecha 5 de marzo de 2021 y las solicitudes de documentación emitidas por los demandantes en el caso de Comparelli el 12 de febrero de 2021.  Les confirmamos que la Oficina de la Procuraduría Especial de la República Bolivariana de Venezuela no tiene acceso a los documentos solicitados por los demandantes en sus solicitudes, con la excepción de dos decisiones del Tribual Supremo de Justicia que aparecen en la página web de dicho tribunal, las cuales fueron enviadas a su atención por correo electrónico el 15 de marzo de 2021.

Sin otro particular al cual hacer referencia, se suscribe a sus órdenes,

**RAMÓN ALFREDO AGUILAR**
Oficina del Procurador Especial.