UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-24414-CIV-WILLIAMS/MCALILEY

CARMINA COMPARELLI, *et al.*,

    Plaintiffs,

vs.

BOLIVARIAN REPUBLIC OF
VENEZUELA, *et al.*,

    Defendants.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO QUASH
PLAINTIFFS' SUBPOENA OF ELADIO RAMON APONTE APONTE**

Defendant the Bolivarian Republic of Venezuela (the "Republic") filed a Motion to Quash Plaintiffs' Subpoena of Eladio Ramón Aponte Aponte (the "Motion"). (ECF No. 229). Plaintiffs filed a response, and Defendant a reply, memoranda. (ECF Nos. 241, 252). On August 10, 2021, the Court held a hearing on the Motion. For the following reasons, the Court grants the Motion.

**I.   Background**

Plaintiffs, who lived in Venezuela and owned and operated businesses there, sue the Republic and two of its alleged agencies, for damages that arise from Defendants' alleged expropriation of Plaintiffs' businesses and property, without compensation, in violation of international law, and the laws of Venezuela and this country. (Am. Compl., ECF No. 85).

1

The central issue before this Court is whether it has jurisdiction over this action. The Foreign Sovereign Immunities Act ("FSIA") provides that foreign states, and their agencies or instrumentalities, are immune from the jurisdiction of United States courts, unless one of FSIA's exceptions applies. 28 U.S.C. §§ 1604, 1605. Plaintiffs have the burden to prove the applicability of a FSIA exception and thus subject matter jurisdiction. *Comparelli v. Republica Bolivariana de Venezuela*, 891 F.3d 1311, 1319 (11th Cir. 2018). Plaintiffs argue that FSIA's expropriation exception applies here and therefore this Court has jurisdiction over this suit. Defendants dispute jurisdiction and have filed motions to dismiss this action on this basis. The parties are currently engaging in jurisdictional discovery.

Plaintiffs issued a subpoena to a former Justice of the Venezuelan Supreme Court, Eladio Ramón Aponte Aponte ("Aponte"), to testify at a deposition. In its Motion, the Republic asserts that the common law doctrine of foreign sovereign immunity protects Aponte from giving that testimony, and it thus asks this Court to quash the subpoena. As a first step in resolving the Motion, the Court turns to the different scope of FSIA's statutory immunity and the common law doctrine of foreign sovereign immunity.

## II.   Statutory vs. common law immunity

In *Samantar v. Yousuf*, 560 U.S. 305 (2010), the Supreme Court held that FSIA governs immunity granted to *foreign states* from suits in United States courts, while the common law doctrine of foreign sovereign immunity – which was developed long before FSIA was enacted – governs immunity from suit accorded to *officials of foreign states*. It is thus clear that the question that this Court will soon decide – whether Plaintiffs can establish the expropriation exception to FSIA such that its suit may proceed against

Defendants – is governed by FSIA, and the question raised by the Motion to Quash – whether Aponte may be deposed – is governed by the common law doctrine of foreign sovereign immunity.

The common law sovereign immunity is "a matter of grace and comity" toward foreign nations. *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 140 (2014) (citation omitted). It reflects concern that U.S. practices can influence how foreign courts handle claims against this country and its citizens. *Giraldo v. Drummond Co. Inc.*, 808 F. Supp. 2d 247, 251 (D.D.C. 2011) ("[P]rinciples of comity dictate that we accord the same respect to foreign officials as we do to our own.") (quotation marks and citation omitted), *aff'd* 493 F. App'x 106 (D.C. Cir. 2012), *cert. denied*, 568 U.S. 1250 (2013).

The common law doctrine requires application of a two-part test. In the first step, the foreign sovereign state (here, the Republic) may request a "suggestion of immunity" from the State Department. *Samantar*, 560 U.S. at 311 (citation omitted). If the State Department issues a suggestion of immunity, then this Court must "surrender[] its jurisdiction." *Id.* (citations omitted). In furtherance of that first step, this Court issued an Order that invited the State Department to provide this Court with any opinion or information it might wish to share regarding the application of foreign sovereign immunity to Aponte. (ECF No. 236). The United States responded with a Notice that it "declines to file a Statement of Interest in this matter at this time." (ECF No. 254).

This leads the Court to the second step of the analysis, which is to "decide for itself whether all the requisites for [common law] immunity exist[s]." *Samantar*, 560 U.S. at 311 (citations omitted). This requires the Court to ask, "whether the ground of immunity is one

3

which it is the established policy of the [State Department] to recognize." *Id.* at 312 (quoting *Republic of Mexico v. Hoffman*, 324 U.S. 30, 36 (1945)). The Court therefore looks to some of the fundamental principles of the common law immunity that courts have confirmed the State Department recognizes.

One such principle is that "the 'immunity protecting foreign officials for their official acts ultimately belongs to the sovereign rather than the official.'" *Wultz v. Bank of China Ltd.*, 32 F. Supp. 3d 486, 494 (S.D.N.Y. 2014) (quoting the Statement of Interest the United States filed with the District Court in *Yousef v. Samantar*, No. 04 Civ. 1360 (E.D. Va. Feb. 14, 2011)). It is also true that the sovereign's right to claim immunity does not expire when the individual leaves public office. *Giraldo*, 808 F. Supp. 2d at 249 (common law sovereign immunity protected *former* President of Colombia from deposition regarding acts taken in his official capacity); *Wultz*, 32 F. Supp. 3d at 496 ("foreign official immunity does not depend on tenure in office and extends to former officials") (quotation marks and citation omitted). Further, common law immunity not only protects former foreign officers from being named as a defendant, but it also immunizes them from being called as a witness in an action in United States courts. *See Wultz*, 32 F. Supp. 3d at 496 ("[O]fficial immunity operates not only as [a] shield from accusations or claims of wrongdoing. It also offers broad protection from a domestic court's jurisdiction.") (citation omitted); *see also Giraldo*, 808 F. Supp. 2d at 250-51.

Importantly, the scope of common law immunity is limited to information about acts the foreign official took in his official capacity, even if those acts were unlawful. *Giraldo*, 808 F. Supp. 2d at 249; s*ee also Lewis v. Mutond*, 918 F.3d 142, 145 (D.C. Cir.

2019) (common law sovereign immunity for officials or agents of foreign states is conduct-based; it is limited to acts the officials performed in their official capacity) (citations omitted).

### III.     Aponte is immune from testifying

In their memorandum in response to the Motion to Quash, Plaintiffs make one argument: that the Republic, under FSIA, is not immune from the jurisdiction of this Court, and therefore it is in no position, as a sovereign, to claim immunity on behalf of its former official, Aponte. (ECF No. 241). This is plainly wrong. The Court has not decided whether the Republic is, or is not, immune from suit under FSIA. In fact, Defendants' Motions to Dismiss, which claim they are immune from suit under FSIA, are pending before the Court and the parties are engaging in jurisdictional discovery in preparation for the Court's resolution of that very question. Plaintiffs *hope* this Court will find that they prove that one of FSIA's exceptions to immunity apply to the Republic. But the Court has not made that decision.[1]

Turning to the second step of the *Samantar* analysis, it leads to the conclusion that the doctrine of common law immunity applies to Aponte here. Plaintiffs intend to question Aponte about official acts he took on behalf of the Republic, something they confirm in

---

[1] Plaintiffs make one other argument in their response: that in none of the cases the Republic cited regarding the common law doctrine, was the sovereign – that asserted immunity on behalf of its former official – also named as a defendant in that suit. (ECF No. 241 at 3). This distinction is inconsequential for the analysis mandated by the Supreme Court in *Samantar*, 560 U.S. 305.

their response memorandum.² Specifically, Plaintiffs want to ask Aponte about an order he joined in, while a Justice of the Venezuelan Court, that

> affirm[ed] a lower court's order (i) issuing a warrant for the arrest of Plaintiffs and (ii) seeking the extradition of two of the Plaintiffs relatives from Costa Rica. Justice Aponte played a key role in the very same bogus criminal proceeding that was filed against Plaintiffs for the sole purpose of expropriating their property in violation of Venezuelan and international law.

(ECF No. 241 at 4); *see also* (Am. Compl., ECF No. 85 at 16 ¶ 35). As noted above, common law immunity is limited to information about acts the foreign official took in his official capacity, and that is the nature of Plaintiffs' inquiry here. *Giraldo*, 808 F. Supp. 2d at 249; *Lewis*, 918 F.3d at 145.

Moreover, as already noted, the doctrine extends to Aponte, as a former official of a foreign sovereign. *Giraldo*, 808 F. Supp. 2d at 249; *Wultz*, 32 F. Supp. 3d at 496. Plaintiffs nonetheless argue that the Court should allow Aponte to testify, as he now lives in Florida, no longer works for the Venezuelan government, and is willing to testify at deposition. Again, the law is clear that the sovereign holds the claim to immunity of its former official, and the Republic has asserted that claim here. It has the right to do so, regardless of Aponte's willingness to testify. *Wultz*, 32 F. Supp. 3d at 494 (citations omitted).

At oral argument Plaintiffs made additional arguments, all of which I considered and rejected.³ Principal, among them, is an equitable argument, that Plaintiffs have been

---

² Plaintiffs also conceded this at the hearing.

³ At the hearing I cautioned Plaintiffs that the Court expects the parties to raise their arguments in their legal memoranda and should not expect the Court to consider arguments first raised at oral argument. I nonetheless listened to those arguments and I incorporate here, by reference, the reasons I stated at that hearing for rejecting Plaintiffs' arguments.

hampered in their efforts to gather evidence in support of their claim that FSIA's expropriation exception applies to this case, because of the competing presidencies and governments in Venezuela, and that testimony from Aponte may thus take on greater importance in Plaintiffs' efforts to establish subject matter jurisdiction. The Court is not unsympathetic to the difficulties Plaintiffs have experienced in the jurisdictional discovery process. But Plaintiffs have provided this Court with no authority for the notion that the State Department recognizes such an equitable exception to the doctrine of common law immunity.

**IV.   Conclusion**

For these reasons, the Court **GRANTS** Defendant's Motion to Quash Plaintiffs' Subpoena of Eladio Ramón Aponte Aponte. (ECF No. 229).

DONE AND ORDERED in Miami, Florida this 13th day of August 2021.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Kathleen M. Williams
      Counsel of record