UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-24414-CIV-WILLIAMS/MCALILEY

CARMINA COMPARELLI, *et al.*,

    Plaintiffs,

vs.

BOLIVARIAN REPUBLIC OF
VENEZUELA, *et al.*,

    Defendants.
_____/

### ORDER DENYING IN PART PLAINTIFFS' MOTION
### TO COMPEL DEPOSITIONS OF ALL DEFENDANTS

On August 10, 2021, I issued an Order Denying Plaintiffs' Motions to Compel, that addressed written discovery that Plaintiffs sought from Defendants. (ECF No. 256). In that Order, I found that Defendants do not have possession or control over documents and information held by the Maduro regime, in Venezuela, and therefore the Court could not compel Defendants to produce those documents and information. (*Id.* at 12).

Plaintiffs thereafter filed a Motion to Compel Depositions of All Defendants. (ECF No. 264). Plaintiffs served the three Defendants with notices of depositions, pursuant to Federal Rule of Civil Procedure 30(b)(6), and Defendants responded that, for many of the topics noticed, they were unable to prepare witnesses to testify because the information they need to prepare those witnesses is controlled by the Maduro regime and unavailable to them. *See generally* (ECF Nos. 273, 274). Defendants also objected that other topics in

1

the Rule 30(b)(6) Notices were either improper or moot. (*Id*). In their Motion, Plaintiffs ask this Court to compel Defendants to produce representatives to testify to all noticed topics, and to sanction Defendants in various ways if they fail to do so, and order Defendants to pay their attorneys' fees for filing the Motion.

Federal Rule of Civil Procedure 30(b)(6) provides that organizations must designate persons to testify on their behalf about "information known or reasonably available to the organization." I held a hearing on the Motion on September 17, 2021. At that time, I found that to the extent Defendants are unable to prepare witnesses to testify to certain topics, because the information they need to prepare those witnesses is beyond their possession, custody, or control, then that information is not "reasonably available" to the Defendants and they have no obligation to provide a witness to testify about those topics. Regarding the noticed topics about which Defendants can produce an informed witness, but which Defendants believe are improper for deposition, I found that the depositions must go forward. I explained that for the reasons expressed in *Balu v. Costa Crociere S.P.A.*, it would be inadvisable for this Court to preemptively rule on Defendants' objections, and I thus declined to do so. *Balu*, No. 11-60031-CIV, 2011 WL 3359681, at *3-4 (S.D. Fla. Aug. 3, 2011). I urged counsel to engage in a robust conferral process about those disputed topics, to avoid deposition questions about improper areas of inquiry and then subsequent, avoidable, motion practice.

For these reasons and those the Court stated at the hearing, which the Court incorporates here by reference, I **DENY IN PART** Plaintiffs' Motion to Compel Depositions of All Defendants. To the extent Plaintiffs ask this Court to sanction

Defendants, or to order them to pay Plaintiffs' attorneys' fees, the Court **DENIES** the Motion. Plaintiffs have provided no persuasive justification for the Court to take those actions.

DONE AND ORDERED in Miami, Florida this 20th day of September 2021.

*/s/ Chris McAliley*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Counsel of record